Plaintiffs, Robert and Nina Hatter, appeal to this Court seeking a reversal of the Montgomery County Circuit Court's summary judgment against them and in favor of defendant, Sharon Nations. We affirm.
According to the documents filed in opposition to the motion for summary judgment, it appears that on Friday, May 20, 1983, Nations and another female, Julie Reeves, met Guy Allen Samply, Jr., at the Alabama Club at approximately 6:00 p.m. After about an hour, the three went to Samply's trailer, where they drank the better portion of twelve beers and a bottle of bourbon. The three stayed at the trailer until early the next morning. At about 4:00 a.m. Saturday, Samply drove Reeves home, and then took Nations back to the Alabama Club to pick up her car. Upon their arrival at the Alabama Club, Nations *Page 1210 
realized that she had left her purse at Samply's trailer. She called her husband, who brought her an extra set of car keys and then returned home. Samply told Nations that he would follow her home and then drive her back to his trailer to get her purse, so they would not have to take two cars to the trailer. While Samply was driving Nations back to the trailer, the car he was driving collided with a car being driven by plaintiff Nina Hatter, who sustained permanent injuries as a result of the accident.
Robert and Nina Hatter filed suit against Samply and Nations on October 20, 1983. Samply is not involved in this appeal, as summary judgment was not rendered against him. In their complaint, plaintiffs allege that:
 1. Nations was guilty of negligence as a joint venturer;
2. Samply was the agent of Nations;
 3. Samply was on a mission for the benefit of Nations;
 4. Nations was negligent in requesting Samply to drive his car while he was intoxicated;
 5. Nations was negligent in participating in activities which resulted in Samply's intoxication, and then permitting, requesting, or allowing Samply to drive his car for her benefit.[1]
Nations filed a motion for summary judgment on July 6, 1984, which the court granted by written order on July 23, 1984, stating:
 The Court having considered the motion of Defendant, Sharon Nations, for summary judgment and the response of the Plaintiffs thereto, the Court finds that although there may be disputed facts, even under the disputed facts sub judice, Defendant Nations breached no duty owed the Plaintiffs, and is, therefore, entitled to judgment as a matter of law.
 For the purposes of this Order the Court construes the facts most favorably for the Plaintiffs. Therefore, the Court assumes that the Defendant Guy Samply was driving on the highway to his trailer for the sole purpose of securing Ms. Nations' purse, and that he was intoxicated. Even under these circumstances, inasmuch as the Courts of this state do not recognize a common law action for negligence in the distribution of alcohol, this Court does not find there is any cause of action for negligence against Ms. Nations in requesting that the Defendant drive her to his trailer to secure her purse. DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala. 1979). Plaintiffs have not cited to the Court any authority which recognizes such a cause of action.
 The Court further notes in this case that there is not even a scintilla of evidence that the Defendant Nations had any control or right of control over the operation of the vehicle being operated by Defendant Samply. Further, there is no evidence that she purchased any alcohol for Samply.
On appeal, plaintiffs ask this Court to expand the scope ofBuchanan v. Merger Enterprises, Inc., 463 So.2d 121 (Ala. 1984), in order to create a common law negligence cause of action which would allow them to recover from defendant Nations. Plaintiffs contend that Nations breached a duty that she owed to the general public when she asked Samply to violate Alabama law by driving his car while he was under the influence of alcohol. We are of the opinion that plaintiffs' theory of recovery is meritless.
Over 100 years ago, this Court announced the rule that there was no common law cause of action for negligently dispensing alcohol. King v. Henkie, 80 Ala. 505 (1876). In 1979, this Court reaffirmed this position in DeLoach v. Mayer ElectricSupply Co., 378 So.2d 733 (Ala. 1979). Five years later, inBuchanan, supra, we held that whether the conduct of employees of a licensed vendor was unreasonable, *Page 1211 
due to their failure to stop serving alcohol to a visibly intoxicated patron who they knew or should have known would try to drive a car, was a negligence question for the jury to decide.
All three of these cases contain a key element which is noticeably absent from the facts herein: the sale or distribution of alcohol. In DeLoach, this Court noted that the majority of jurisdictions in the United States fail to recognize a common law cause of action for negligent distribution of alcohol. Of the handful of states that do recognize such a cause of action, the majority have restricted recovery to actions involving the sale of alcohol by vendors.Buchanan, supra.
The requirement of a sale of alcohol by a licensed vendor is obviously lacking in this case. Moreover, it is undisputed that Nations did not purchase or otherwise furnish any alcohol to Samply. We are of the opinion that the trial court was correct when it found that Nations breached no duty owed to the plaintiffs, and, as such, was entitled to judgment as a matter of law. Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Although summary judgment was rendered against plaintiffs on all of the above claims, in their brief they limit their argument to claims 4. and 5. Therefore, we pretermit discussion of claims 1., 2., and 3.