These appeals are from summary judgments in favor of the defendant, Scoles Cadillac Corporation.
On the evening of October 26, 1984, Samuel Ross Baggett and his date, Kendra Kee Archer, attended a company party on the business premises of Baggett's employer, Scoles Cadillac. Dinner was served at the party, along with beer and wine. While driving home from the party, Baggett was involved in an accident with a vehicle driven by Alfred E. Beeson. Beeson and the passenger in Baggett's car, Ms. Archer, were killed in the crash. Police reports estimate that Baggett was travelling at a speed of 95 miles per hour at the time of the collision. Baggett's blood alcohol content was found to be .29 percent.
Frances Beeson, as administratrix of the estate of Alfred E. Beeson, and Agnes Marie Archer, as administratrix of the estate of Kendra Kee Archer, filed separate suits against Mr. Baggett; the Butcher Block, caterer for the party; and Scoles Cadillac. Scoles Cadillac moved to consolidate the cases. The trial court granted the motion for discovery purposes only. Thereafter, in both cases, the plaintiffs settled their claims against Mr. Baggett by pro tanto release, and the trial court granted summary judgment in favor of the Butcher Block and Scoles Cadillac. The plaintiffs filed *Page 1000 
separate appeals of the summary judgments in favor of Scoles Cadillac. Pursuant to Rule 3(b), A.R.A.P., this Court consolidated the appeals.
Beeson and Archer contend on appeal that common law principles of negligence and the Alabama Dram Shop Act, §6-5-71, Ala. Code 1975, as applied to this case, render Scoles Cadillac liable for the deaths of Alfred Beeson and Kendra Kee Archer because of its providing and continuing to provide alcoholic beverages to Baggett when he was visibly intoxicated, and because it allowed Baggett to drive home.
The evidence is undisputed that Scoles Cadillac was the host of the party, and that none of the guests was charged to attend or to drink the alcoholic beverages provided.
To date, this Court has not recognized a cause of action against a social host for negligently dispensing alcoholic beverages where no sale is involved and where the beverages are not dispensed contrary to law. In a case strikingly similar to the one at bar, this Court held that a company hosting an open house on its premises and furnishing free alcoholic beverages is not liable under common law theories of negligence for dispensing alcohol. DeLoach v. Mayer Electric Supply Co.,378 So.2d 733 (Ala. 1979).
In Hatter v. Nations, 480 So.2d 1209 (Ala. 1985), this Court reaffirmed its holding in DeLoach and summarized its rulings over the years in similar cases:
 "Over 100 years ago, this Court announced the rule that there was no common law cause of action for negligently dispensing alcohol. King v. Henkie, 80 Ala. 505 (1876). In 1979, this Court reaffirmed this position in DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala. 1979). Five years later, in [Buchanan v. Merger Enterprises, Inc., 463 So.2d 121 (Ala. 1984),] we held that whether the conduct of employees of a licensed vendor was unreasonable, due to their failure to stop serving alcohol to a visibly intoxicated patron who they knew or should have known would try to drive a car, was a negligence question for the jury to decide.
 "All three of these cases contain a key element which is noticeably absent from the facts herein: the sale or distribution of alcohol. In DeLoach, this Court noted that the majority of jurisdictions in the United States fail to recognize a common law cause of action for negligent distribution of alcohol. Of the handful of states that do recognize such a cause of action, the majority have restricted recovery to actions involving the sale of alcohol by vendors. Buchanan, supra."
Hatter, 480 So.2d at 1210-11.
The plaintiff offers no compelling reason for us to depart from the rule expressed in King and followed by a majority of jurisdictions. Accordingly, there having been no sale in this case, we hold that an action for common law negligence will not lie against Scoles Cadillac; hence, the trial court was correct in granting summary judgment in its favor on this issue.
We also agree with the trial court's ruling on the Dram Shop Act issue. As well as ruling in DeLoach that liability could not be imposed on Mayer Electric as a social host under common law, negligence principles for dispensing alcoholic beverages, this Court also held that Mayer Electric could not be held liable under the Dram Shop Act, because Meyer Electric, as a non-licensed dispenser of alcoholic beverages, had made no sale or other disposition of liquor to another contrary to the provisions of law. See, however, Martin v. Watts,508 So.2d 1136 (Ala. 1987).
The Alabama Dram Shop Act, § 6-5-71, Ala. Code 1975, provides as follows:
 "(a) Every wife, child, parent, or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages. *Page 1001 
 "(b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
 "(c) The party injured, or his legal representative, may commence a joint or separate action against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof."
The plaintiffs argue that it is clear that the Alabama Dram Shop Act applies to non-licensee social hosts because it specifically refers to selling, giving, or otherwise disposing of alcoholic beverages. Their argument is in direct contravention to legislative intent and court decisions interpreting the statute.
In Phillips v. Derrick, 36 Ala. App. 244, 54 So.2d 320, (1951), the Court of Appeals recognized that the Dram Shop Act evidenced a policy on the part of the legislature to discourage the illegal sale of alcoholic beverages. In Buchanan v. MergerEnterprises, Inc., 463 So.2d 121 (Ala. 1984), this Court reiterated that policy in its ruling against a seller of alcoholic beverages. Moreover, this Court made its position quite clear in DeLoach v. Mayer Electric Supply Co., that a social host is not liable under the Dram Shop Act when no sale is involved, or where the alcoholic beverage is not dispensed contrary to law.
The plaintiffs contend that even if the Alabama Dram Shop Act is limited to a sales situation, evidence was presented in the case indicating that a sale did in fact take place. We disagree. The Scoles employees were not required to attend the function. Only employees and their families and friends were invited. No money flowed to or from Scoles in any manner regarding the social function. Clearly, the necessary element of consideration was missing and the liquor was not dispensed contrary to the law; thus, the Dram Shop Act does not apply to this case.
There being no genuine issue as to any material fact, the summary judgments are affirmed. Rule 56(c), A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, HOUSTON, and STEAGALL, JJ., concur.