560 So.2d 1030 (1990)
Ouida S. PARKER, individually and as administratrix of the estate of Miriam Paige Small, deceased
v.
MILLER BREWING COMPANY and Supreme Beverage Company, Inc.
Ouida S. PARKER, individually and as administratrix of the estate of Miriam Paige Small, deceased
v.
BARBARA ENTERPRISES, INC.
88-1187, 88-1430.
Supreme Court of Alabama.
January 26, 1990.
Rehearing Denied March 9, 1990.
*1031 Jere L. Beasley and Kenneth J. Mendelsohn of Beasley, Wilson, Allen, Mendelsohn & Jemison, Montgomery, for appellant.
N. Lee Cooper and Mark Strength of Maynard, Cooper, Frierson & Gale, Birmingham, for appellee Miller Brewing Co.
J. Gusty Yearout and Deborah S. Braden of Yearout, Myers & Traylor, Birmingham, for appellee Supreme Beverage Co.
Gary L. Blume of Blume & Blume, Tuscaloosa, for appellee Barbara Enterprises, Inc.
PER CURIAM.
Ouida S. Parker's minor daughter, Miriam Paige Small, attended a party hosted by two other minors on August 5, 1988. Those two minors had purchased the beer for the party from the retailer defendant, Barbara Enterprises, Inc., doing business as Grant's University Market in Tuscaloosa, Alabama. The beer had been distributed by the wholesaler defendant, Supreme Beverage Company, and had been manufactured by the manufacturer defendant, Miller Brewing Company.
Miriam Paige Small became intoxicated at the party and then attempted to drive an automobile. She lost control of the automobile and was fatally injured. Mrs. Parker filed suit on March 2, 1989, as the mother of Miriam Paige Small, a minor, and as administratrix of her estate, alleging liability on the part of these defendants for the death of her daughter. She attempted to state a claim against the defendants *1032 based upon Code 1975, § 6-5-70 (the "Civil Damages Act"), § 6-5-71 (the "Dram Shop Act"), and/or common law negligence.
The trial court granted the motions to dismiss filed on behalf of Miller and Supreme Beverage for failure to state a claim upon which relief could be granted. Rule 12(b)(6), A.R.Civ.P. Mrs. Parker appealed. The motion to dismiss filed by Barbara Enterprises, asserting the same grounds, was granted on July 25, 1989. Mrs. Parker appeals from that dismissal also, and the two appeals have been consolidated for purposes of writing this opinion.
"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Maples v. Chinese Palace, Inc., 389 So.2d 120 (Ala. 1980). (Citations omitted.)
The question before this court is whether the plaintiff can state a claim that entitles her to relief against Barbara Enterprises, Inc., Supreme Beverage Company, Inc., and/or Miller Brewing Company under the Civil Damages Act, the Dram Shop Act, or the common law of negligence.

I.
The Civil Damages Act, § 6-5-70, Ala.Code 1975, provides as follows:
"Either parent of a minor, guardian or a person standing in loco parentis to the minor having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of or was chargeable with knowledge of such minority...."
Thus, the question becomes whether any of these defendants "furnished spirituous liquors" to the decedent, Miriam Paige Small. The plaintiff cites us to the case of Laymon v. Braddock, 544 So.2d 900 (Ala. 1989), in which we stated as follows:
"We interpret the words `furnishes' and `furnishing' in § 6-5-70 to extend liability under § 6-5-70 to a seller or furnisher of spirituous liquors, who from the totality of the circumstances must reasonably infer that the person to whom the spirituous liquor is sold or furnished will permit a minor to consume some of this spirituous liquor."
544 So.2d 900, 904 (Ala.1989). Mrs. Parker urges us to conclude that under these facts the defendants "furnished" spirituous liquor to her minor daughter.
We set forth a duty in Laymon on the part of the seller: "If there is a purchaser of spirituous liquors, the seller has a duty to ascertain that the purchaser is not a minor." Id. at 903. Mrs. Parker argues that the seller, having sold beer to a minor, can be held to have furnished the beer to her daughter. She contends that she can prove that the two minors who purchased the beer bought two kegs. She argues that it is illogical that the two minors who purchased the kegs of beer were each going to consume one keg of beer. Therefore she argues that "in light of all of these facts one must reasonably infer that the person to whom spirituous liquor was sold or furnished would permit a minor to consume some of the spirituous liquor." We disagree. The fact that the seller sold beer to a minor, assuming that the seller knew the purchaser was a minor, does not support the conclusion that the seller furnished beer to another minor. The statute creates a right of action in a parent of a minor against any person who unlawfully sells or furnishes spirituous liquors to such minor. The sellers here cannot be said to have furnished beer to Miriam Paige Small by selling beer to two other minors.
The defendants also cite us to the concurring opinion in Laymon v. Braddock, for the proposition that beer is not a "spirituous liquor" under § 6-5-70. We need not, however, reach the question of whether beer is a "spirituous liquor," for when the facts of this case are weighed against the test enunciated in Laymon, it is clear that these defendants did not "furnish" anything to the plaintiff's decedent. There is no inference to be made from the totality of the circumstances in this case that she *1033 was "furnished spirituous liquors"or any other kindby these defendants.
Therefore, there is no claim upon which relief can be granted to this plaintiff under § 6-7-70 (the Civil Damages Act). The trial court did not err in granting the motions to dismiss the claims based upon that section.

II.
The pertinent part of the Dram Shop Act, § 6-5-71, states:
"(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
"(b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
"(c) The party injured, or his legal representative may commence a joint or separate action against the person intoxicated or the person who furnished the liquor and all such claims shall be by civil action in any court having jurisdiction thereof."
In Ward v. Rhodes, Hammonds, & Beck, Inc., 511 So.2d 159 (Ala.1987), we considered the question of who is provided a cause of action by § 6-5-71. We held that one class of potential plaintiffs consists of the wife, child, or parent of a party who has been injured in person by an intoxicated person:
"Nevertheless, in view of the prevailing rule of intra-family immunity and the fact that there was no expression of an intent to the contrary, we think the 1909 legislature must have intended that `wife, child, [and] parent' refer to those of the party injured in person by the intoxicated person." Id. at 164.
The second class of potential plaintiffs is the "other person injured":
"However, insofar as the class of potential plaintiffs designated as `other person,' we hold that, just as the statute says, this category of plaintiffs includes anyone who is proximately `injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person.' And... this category of plaintiffs is as broad as proof of proximate cause will permit." Id.

The plaintiff argues that individually she falls within this "other person" category as one "injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person."[1] She argues that she was injured in consequence of the intoxication of her daughter by reason of the sale made by Grant's University Market to two minors of intoxicating beverages "contrary to the provisions of law," i.e., in violation of § 28-3A-25(a)(3) and Alabama Alcoholic Beverage Control Board Rule 20-X-6-.10.
However, assuming she could be found to fit into the "other person" category, she still does not have a claim, because under § 6-5-71(c), a party injured may commence an action "against the person intoxicated or the person who furnished the liquor." When we revisit the question of whether any of these defendants "furnished" or "provided" the liquor to Miriam Paige Small, we find that they did not.
We said the following in Martin v. Watts, 513 So.2d 958 (Ala.1987):
"Section 6-5-71 creates a civil remedy against persons who, contrary to law, cause the intoxication of another by providing the other person with alcoholic beverages, when the plaintiff is injured because of the intoxication.... One of the elements of the cause of action under the Dram Shop Act is that the defendant provide alcoholic beverages to the intoxicated *1034 person who causes the injury to the plaintiff...."
Id., at 963. These defendants did not provide the alcoholic beverages to the intoxicated person, nor was there a sale by these defendants to the intoxicated person. Therefore, the plaintiff has no cause of action under the Dram Shop Act. See Beeson v. Scoles Cadillac Corp., 506 So.2d 999, 1001 (Ala.1987).

III.
The third question presented is whether plaintiff has a direct common law cause of action under the facts of this case. We addressed this question also in Ward, supra, where we said:
"As pointed out in Buchanan v. Merger Enterprises, Inc., 463 So.2d 121 (Ala. 1984), and DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979), this jurisdiction, like the majority of jurisdictions in our nation, does not recognize a common law cause of action for negligence in the dispensing of alcohol. See also Hatter v. Nations, 480 So.2d 1209 (Ala.1985)."
511 So.2d at 164-65; in accord, Beeson v. Scoles Cadillac Corp., supra.
Plaintiff urges us to adopt a common law negligence cause of action that would impose liability for the distribution of alcoholic beverages to minors. We decline to do so. It has been a principle of long standing in Alabama that one cannot recover for negligence in the dispensing of alcohol. In King v. Henkie, 80 Ala. 505 (1886), this Court held that no common law action exists in favor of an intoxicated person against one who sells the alcohol. In 1979, this Court reaffirmed this position in DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979). In 1987, we reaffirmed this position in Ward and Beeson. Plaintiff offers no compelling reason for us to depart from the rule expressed in King and followed by the majority of jurisdictions. See Maples v. Chinese Palace, Inc., supra.; DeLoach v. Mayer Electric Supply Co., supra; Hatter v. Nations, supra; Beeson v. Scoles Cadillac Corp., supra.
For the reasons stated herein, the judgment of the trial court is hereby affirmed.
88-1187, AFFIRMED.
88-1430, AFFIRMED.
MADDOX, JONES, ALMON, SHORES and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
HORNSBY, C.J., and ADAMS and KENNEDY, JJ., dissent.
HOUSTON, Justice (concurring specially).
I hereby readopt my special concurrence in Laymon v. Braddock, 544 So.2d 900, 904-06 (Ala.1989).
HORNSBY, Chief Justice (dissenting).
I must respectfully dissent. I cannot agree with the majority that no liability can be found under these statutes. As the majority correctly states, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," quoting Maples v. Chinese Palace, Inc., 389 So.2d 120 (Ala.1980). This case should not have been dismissed without a showing that the plaintiff could prove no set of facts in support of her claim. Further, as we have previously stated, in Laymon v. Braddock, 544 So.2d 900, 903 (Ala.1989), "the person injured by the illegal sale of alcoholic beverages is not held to the usual standards of proof of causal connection between the illegal sale of the beverages and the injury." See Phillips v. Derrick, 36 Ala.App. 244, 54 So.2d 320 (1951). The plaintiff in this case, therefore, should not be held to the usual standards of causation. She should be allowed to prove the chain of events that caused her daughter to be "furnished" with the alcoholic beverages.
Other states, for various reasons, have recognized at least the liability of the store that sells alcoholic beverages to minors. See Thompson v. Victor's Liquor Store, Inc., 216 N.J.Super. 202, 523 A.2d 269 (1987); Floyd v. Bartley, 727 P.2d 1109 *1035 (Colo.1986); Reber v. Commonwealth, 101 Pa.Cmmw. 397, 516 A.2d 440 (1986); Morris v. Farley Enterprises, Inc., 661 P.2d 167 (Alaska 1983); Brookins v. Round Table, Inc., 624 S.W.2d 547 (Tenn.1981); Munford, Inc. v. Peterson, 368 So.2d 213 (Miss.1979); Davis v. Billy's Con-teena, Inc., 284 Or. 351, 587 P.2d 75 (1978); Kvanli v. Village of Watson, 272 Minn. 481, 139 N.W.2d 275 (1965); Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963).
Thompson v. Victor's Liquor Store, Inc., supra, involved a minor injured when he wrecked the automobile he was driving after becoming intoxicated from alcoholic beverages purchased by another minor. The minor and his mother sued the package store where one of his friends had purchased twelve beers and a pint of whiskey. He and another friend were in the car outside the store when the alcohol was purchased. The court stated:
"We do not suggest that defendant can be strictly liable for the effect of the beverages wherever or whenever they may be consumed once they are sold to a minor. There must be some reasonable limitations placed upon such responsibility.... In the case before us ... we initially discern the added element of the quantity of beverages purchased. Certainly the pint of whiskey and two six-packs of beer were not a half gallon and a keg, which might have strongly indicated a teen party. But neither were they such a small quantity to indicate solitary consumption.
". . . .
"Therefore, a jury could find that the seller should have reasonably anticipated that a purchase of 12 cold cans of beer and a pint of whiskey by a single young person would be for the immediate consumption by a group of young persons, rather than by only the purchaser. In short, there were sufficient factual issues arising from the circumstances of this case to warrant a jury's determination of the reasonable foreseeability of Mullins' immediate sharing of the beverages with other underage drinkers, including plaintiff."
Thompson, at 272.
In Davis v. Billy's Con-teena, Inc., supra, defendants sold kegs of beer to minors for a fraternity party without requiring proof of age, and the beer was consumed not only by the purchasers but also by other minors, one of whom became intoxicated and then killed a person while operating an automobile. The Supreme Court of Oregon held that the tavern owners who supplied the beer to the minors were guilty of negligence per se when they sold the beverages without proof of age as required by the Oregon statute.
In Morris, supra, five minors consumed one fifth of tequila that had been purchased by one of the minors. The driver of the car occupied by the minors had entered the store, where the tequila was purchased, but did not make the purchase. Several hours later, the car was involved in an accident that resulted in the death of two of the teenagers. The Supreme Court of Alaska stated:
"It was neither unforeseeable nor extraordinary that the youth who purchased liquor would share it with his companions and that an automobile accident caused by the companion's intoxication would result."
The Supreme Court of Alaska applied the "substantial factor" test in determining whether the accident could be found to have happened due to the defendant's actions. The issue was whether "reasonable persons could conclude that the deaths of [the two minors] would not have occurred but for the sale of alcohol to [one of the minors] and that the sale was so important in bringing about their deaths that it should be regarded as a responsible cause." Morris, at 169. The court held that reasonable persons could conclude that "the deaths would not have occurred but for the sale." Id. Further, it said, "reasonable persons could also conclude that the sale was so important in bringing about the deaths that they would regard it as a responsible cause." Id. The court concluded that the issue of a "substantial factor" was *1036 a question for the jury. The court also held that the wrongful conduct of the minors did not amount to a superseding cause as a matter of law and would not operate to relieve the liquor store of liability.
Additionally, in Brookins, supra, the Supreme Court of Tennessee stated that the public policy of that state was to prevent the sale of alcoholic beverages to minors. The court indicated that the prohibitions instituted by the state were to protect the general public as well. It noted that "courts generally recognize that the furnishing of intoxicants may be the proximate cause of an injury resulting from intoxication, the negligence consisting of the creation of a situation or condition which involves unreasonable risk because of the foreseeable action of another." Brookins, at 549 (citations omitted). The court held that the question of proximate cause was one properly left for the jury.
In Floyd, a 17-year-old passenger in a vehicle purchased two six-packs of beer and shared the beer with three friends, including the driver of the vehicle. In that case, the Supreme Court of Colorado determined that the original sale to a minor would constitute negligence per se under Colorado's statute prohibiting the sale of alcoholic beverages to minors.
We should also be guided by the language found at 48 C.J.S. Intoxicating Liquors, § 444 (1981):
"Immediate and remote seller. The statutory liability rests on the immediate, not the remote seller of liquor; so that, if the liquor passes through several hands, only the person who made the last sale or gift to the person who became intoxicated by it is responsible. However, under some circumstances, a person who sells liquor to an agent may be liable for damages caused by the principal. Furthermore, if the seller knew or had some good reason to believe when he sold the liquor that the purchaser intended to furnish it to another person, and such person afterward becomes intoxicated and causes damage, the seller will be liable, and under some statutes the original makers and sellers have been held liable where they illegally made and sold the liquor." (Emphasis added.)
Under the circumstances that may possibly be proven, the operator of Grant's University Market ("Grant's") "knew or had some good reason to believe" that the two minors would share the kegs with other minors. Similarly, the plaintiff could possibly prove that both Supreme Beverage Company and Miller Brewing Company had reason to know that Grant's was unlawfully selling beer to minors. At the very least, it was not unforeseeable to Grant's that the two kegs sold to the two minors would be shared by yet other minors.
The plaintiff claims that the kegs of beer sold by Grant's were "furnished" to her daughter by Grant's, in that the store sold the kegs to two minors who, in turn, furnished the beer to other minors. The plaintiff contends that the trial court erred in finding for the defendants as a matter of law on the basis that one could not "reasonably infer that the person to whom the spirituous liquor was sold or furnished would permit a minor to consume some of the spirituous liquor." I must agree with the plaintiff. The plaintiff should be allowed to pursue discovery against the defendants to show whether there were any past violations by Grant's involving the furnishing of alcohol to minors. The plaintiff claims that Alabama Alcoholic Beverage Control Board documents, as well as testimony, would show that the other defendants knew that Grant's was selling alcoholic beverages to minors. Further, the plaintiff contends that the sales target of Grant's was the University of Alabama campus, which had a substantial underage population. The plaintiff should also be allowed to prove her allegations that Grant's knew it was selling kegs of beer to minors and that it knew that those minors were furnishing the alcoholic beverages to other minors.
As a policy-making Court, we should institute a policy to discourage the illegal sale of alcoholic beverages to minors. Where there is a purchase of alcoholic beverages, the seller has a duty to ascertain *1037 that the purchaser is not a minor. Laymon v. Braddock, supra. The plaintiff's complaint clearly alleges that Grant's illegally sold alcoholic beverages to two minors. She should be allowed her day in court. Remote sellers should be held liable also under an appropriate set of facts. I believe that the plaintiff should be allowed to prove the facts she has alleged.
ADAMS, J., concurs.
KENNEDY, Justice (dissenting).
On appeal from a Rule 12(b)(6), A.R. Civ.P., dismissal, the Court must view the allegations of the complaint most strongly in favor of the Plaintiff, to determine whether any set of facts could be proven in support of the claim that would entitle the plaintiff to the relief requested. Jones v. Lee County Commission, 394 So.2d 928 (Ala.1981), Phillips v. Opp & Micolas Cotton Mills, Inc., 445 So.2d 927 (Ala.Civ.App. 1984). In this case, the trial court, prior to the completion of discovery, granted each defendant's motion to dismiss. Thus, in making its determination of the propriety of the complaint, the trial judge was bound to the four corners of the complaint. Hales v. First National Bank of Mobile, 380 So.2d 797 (Ala.1980), Briggs v. Woodfin, 395 So.2d 1024 (Ala.Civ.App.1981).
Can we say with confidence and correctness that in the case before us the plaintiff could prove no set of facts under the various counts of her complaint that would support her claim? I believe not, especially with reference to her claim for damages under the Civil Damages Act, Code 1975, § 6-5-70.
The Civil Damages Act, in pertinent part, reads:
"Either parent of a minor ... shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess...."
From the allegations of the complaint it is obvious that the plaintiff did not aver that there was a sale under the meaning of the act. She did, however, allege that the defendants furnished beer to her minor daughter. This Court, in Laymon v. Braddock, 544 So.2d 900 (Ala.1989), interpreted the term "furnishing" as extending "liability under § 6-5-70 to a seller or furnisher... who, from the totality of the circumstances, must reasonably infer that the person to whom the spirituous liquor is sold or furnished will permit a minor to consume some of this spirituous liquor." The plaintiff averred in her complaint that defendant Grant's was in the business of selling beer to the public, including fraternities at the University of Alabama; that, on or about August 5, 1988, two minors purchased two kegs of beer from Grant's to serve at a party to be attended by minors; and that plaintiff's daughter attended the party, consumed a portion of the beer, became intoxicated, and was later killed in an automobile accident involving the car she was driving.
I agree with the majority that the mere fact that one sells beer to one minor, does not support the conclusion that the seller furnished beer to another minor. But under the facts of this case, as averred in the complaint, the plaintiff should have been allowed, at the very least, to conduct discovery to determine whether there was any evidence of "furnishing" spirituous liquors under the interpretation given that term in Laymon, supra.
Had the minors merely purchased two six-packs rather than two kegs, perhaps the reasoning of the majority would be sounder. Had the seller been a retailer who did not sell regularly to college fraternities and, did not as the plaintiff alleges, have a reputation of supplying beer to minors, perhaps we could say at this early point in the case that the plaintiff's cause of action should be dismissed. But where you have facts like those set out above properly pleaded in a complaint; where you have a recent decision of this Court stating that liability for furnishing spirituous liquor will be extended "to a seller or furnisher... who, from the totality of the circumstances, must reasonably infer that the person to whom the spirituous liquor is sold or furnished will permit a minor to consume some of this spirituous liquor," *1038 Laymon, supra, at 904, then the granting of a Rule 12(b)(6) motion is error.
Although, the interpretation is not central to the decision of the majority, the time appears to be nearing when this Court must reexamine its interpretation of the term "spirituous liquors." In a special concurrence filed in this case, Justice Houston readopts his special concurrence filed in Laymon v. Braddock, supra, and reiterates his position that beer and wine are not spirituous liquors under the meaning of the Civil Damages Act. Support for that position is found in two decisions announced by this Court in the nineteenth century and in five authoritative dictionaries.
If this Court were to adopt that position, the net result would be that no cause of action could be maintained under the Civil Damages Act for injuries caused by a seller or furnisher of alcoholic beverages to any minor in this state, if those beverages were produced by a means other than distillation. In other words, a retailer could escape civil liability for selling intoxicants to minors by restricting those sales to wine, beer, "wine coolers", and other nondistilled beverages.
At the turn of the century, our society was not confronted with the tremendous number and variety of alcoholic beverages that exist today. Wine coolers and beer packaged in carry-out cartons were not available on every corner and in the neighborhood grocery. Hundreds of millions of dollars were not being spent to promote dozens of brands of beer and wine. "Happy hours" featuring half-price beer were not commonplace. Large, powerful automobiles, operated by minors, were not commonplace.
Beer and wine are every bit as capable of causing inebriation as hard liquor. Whether the damage is caused by a retailer who sells hard liquor to a minor or by one who sells beer to a minor, the injury and suffering that could be the proximate result would be the same.
To rely on precedent that was established over a century ago, and then to buttress that reliance on an adherence to technical definitions that are no longer commonly accepted, would visit a great injustice on the law.
With due deference to those who would interpret the statutory language otherwise, I strongly feel that our law should not permit such an artificial distinction between beer and wine on the one hand, and distilled liquor on the other, for the purpose of giving meaning to the term "spirituous liquor" as it is used in the Civil Damages Act.
NOTES
[1] She does not fall into this category as administratrix of the estate inasmuch as Miriam Paige Small was the intoxicated person.