**Stacie Lynne SANDERS, By and Through her parents and guardians, James Franklin SANDERS and Jeanne Marie Sanders, Appellants,**

**v.**

**CROSSTOWN MARKET, INC.; J.W. Morgan, Inc.; Scrivner, Inc.; Jerry W. Morgan and Fred G. Latham, Jr., Appellees.**

No. 75435.

Supreme Court of Oklahoma.

March 16, 1993.

Rehearing Denied April 27, 1993.

---

15.  *Smith,* 788 P.2d at 962.

Bill V. Wilkinson, Robyn Sanzalone, Wilkinson & Monaghan, Tulsa, for appellants.

Darrell E. Williams, Clark & Williams, Tulsa, for appellee Crosstown Market, Inc.

John R. Paul, Adam Scott Weintraub, Phil R. Richards, Richards, Paul, Richards & Siegel, Tulsa, for appellees Jerry M. Morgan and J.W. Morgan, Inc.

Derald E. Durbin, II, David B. Donchin, Durbin, Larimore & Bialick, Oklahoma City, for appellee Scrivner, Inc.

Ray H. Wilburn, Emily J. Crawford, A. Mark Smiling, Wilburn, Masterson & Smiling, Tulsa, for appellee Fred G. Latham, Jr.

WATT, Justice.

This is an appeal from the trial court's order dismissing Appellants Sanderses' action against Appellees. The Court of Appeals reversed and ordered a trial on the merits. We granted certiorari to the Court of Appeals.

## FACTS

Appellees owned and operated Crosstown Discount Foods, a grocery store in Tulsa, Oklahoma.[1] On March 6, 1987, Robbie Scott, age 16, bought beer from Crosstown for a party at his parents' house. One of Scott's guests was Appellant, Stacie Lynne Sanders, age 17. On March 7, 1987, Sanders was involved in an automobile accident while she was driving under the influence of alcohol. Sanders, and her parents through whom she sues, admit that Sanders became intoxicated. The Sanderses base their claim against Appellees on their contention that the beer Sanders drank was the beer Scott bought from Crosstown.

Scott was a former Crosstown employee. Thus, Crosstown's employees from whom Scott bought the beer knew Scott and knew that Scott was a minor. Scott had bought beer at Crosstown for other parties. The Sanderses did not allege that Crosstown's employees knew the purpose for which Scott bought the beer.

## ISSUE

Do these facts state a cause of action against Appellees? We hold that they do not.

## DISCUSSION

### Current Law

The Sanderses urge us to extend our holding in *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okla.1986) to establish a cause of action against Appellees. In *Brigance* we created a narrow exception to the common law rule that a tavern keeper who sells alcohol to a customer is not liable for injuries resulting from the customer's drunkenness. In *Brigance*, a restaurant owner sold alcohol for on premises consumption to a noticeably intoxicated customer. After leaving the restaurant, the customer drove his car while drunk, wrecked it, and a passenger in his car was injured. We modified the common law rule

---

1. It is undisputed that Appellees, Crosstown Market, Inc. and Fred G. Latham, Jr., sold their interest in the Crosstown Market before the incidents giving rise to the Sanderses' suit took place. Crosstown Market and Latham moved for summary judgment because they had no interest in the market, but the trial court denied their motion as moot. The trial court based its ruling on its previous holding that the Sanderses' complaint did not state a cause of action against any of the defendants.

in *Brigance.* We did not abrogate it. We created a cause of action for the innocent injured passenger against the restaurant owner. Our holding went no further.

We dealt with the issue again in *Ohio Casualty Insurance Co. v. Todd,* 813 P.2d 508 (Okla.1991). There, a tavern owner had sold alcohol to a noticeably intoxicated adult customer who then drove his car and was injured because he was drunk. We refused to extend our holding in *Brigance* to protect the plaintiff because he knowingly got drunk, then drove and was injured. In both *Brigance* and *Ohio Casualty* the seller violated 37 O.S.1985 Supp. § 537.A.2, which prohibits any person from "knowingly furnish[ing] alcoholic beverages to an intoxicated person."

Section 537.A.1 prohibits the sale of alcoholic beverages to minors. Neither § 537.-A.2 nor § 537.A.1 apply to this appeal. Under the Oklahoma Alcoholic Beverage Control Act, of which § 537.A.1 is a part, 3.2% beer of the sort Crosstown sold is not an alcoholic beverage.[2] Nevertheless, 37 O.S. 1985 Supp. § 241 prohibits those with beer licenses from selling 3.2 beer to minors. We must, therefore, examine § 241's application to this case.[3]

### Negligence Per Se

■ The Sanderses urge us to declare that Crosstown's sale of beer to Scott was negligence per se. We decline to do so because we find the injury to Sanders so remote from the sale of the beer to Scott as to prevent her from being within the class § 241 was designed to protect. Sanders had no relationship with Crosstown. Her injuries arose from her own misconduct. Sanders was not within the class designed to be protected by § 241. Sanders's and Scott's minority is too tenuous a factor to serve as a basis for imposing liability per se upon Crosstown. We applied a similar rationale in *Ohio Casualty,* Id. 813 P.2d at 510. There we held that the tavern owner's violation of § 537.A.2 was not negligence per se because the inebriate was not within the class designed to be protected by the statute.

■ Whether liability should lie in circumstances where one minor unlawfully buys alcohol, and gives it to another minor who gets drunk and is injured, is an issue we have not previously addressed. The cases we consider on this issue, therefore, must come from other jurisdictions. Unfortunately, with few exceptions, the cases we have considered from other jurisdictions have not been especially helpful. Statutes vary, as do the rationales used to justify the results reached.[4]

### Analysis of Cases From Other Jurisdictions

We turn now to examine a few cases from other jurisdictions we find persuasive.

*Parker v. Miller Brewing Co.,* 560 So.2d 1030 (Ala.1990), is virtually identical on its facts to this case. In *Parker,* two minor

---

**2.** Title 37 O.S.1985 Supp. § 506 provides:

When used in the Oklahoma Beverage Control Act, Section 501 et seq. of this title, the following words and phrases shall have the following meaning:

.  .  .  .  .

3. "Alcoholic beverage" ... does not include nonintoxicating beverages as that term is defined in Section 163.2 of this title.

Title 37 O.S.1985 Supp. § 163.2 provides:

In the administration of this act the following words and phrases are given the meanings respectively indicated:

(a) "Nonintoxicating beverages" means and includes beverages containing more than one-half of one percent (½ of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight including but not limited to beer ...

**3.** 37 O.S.1985 Supp. § 241 provides in material part:

It shall be unlawful for any person who holds a license to sell and dispense nonintoxicating beverages [including 3.2% beer] ... to sell, barter, or give to any person under twenty-one (21) years of age any beverage containing more than one-half of one percent (½ of 1%) of alcohol measured by volume and not more than three and two-tenths percent (3.2%) of alcohol measured by weight....

**4.** See, for example, the cases collected in two ALR annotations: *Liability of Persons Furnishing Intoxicating Liquor for Injury to or Death of Consumer, Outside Coverage of Civil Damage Acts,* 98 ALR3d 1230 (1980); *Civil Damage Act: Liability of One Who Furnishes Liquor to Another For Consumption by Third Parties, For Injury Caused by Consumer,* 64 ALR3d 922 (1975).

boys bought beer from a grocery store for a party. Plaintiff's minor daughter got drunk at the party, drove, and was killed in the crash of the car she was driving. Alabama's Civil Damages Act gives parents or guardians of a minor to whom alcohol is unlawfully sold a cause of action against the minor's seller for injuries to the minor. The Alabama Supreme Court refused to extend the remedies of Alabama's Civil Damage Act to the deceased's parents. The court said,

> The fact that the seller sold beer to a minor, assuming that the seller knew the purchaser was a minor, does not support the conclusion that the seller furnished beer to *another* minor. [Emphasis as in the original.]

Id., 560 So.2d at 1032.

The Florida Court of Appeals reached a similar result. In *Bryant v. Jax Liquors*, 352 So.2d 542 (Fla. 1st Dist.Ct.App.1977) defendants sold liquor to two minors who bought it for a fraternity initiation party. The court held that the sellers were not liable to a third minor for injuries sustained at the party.

In *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity*, 485 P.2d 18, 22 (Ore.1971), a defendant, Kienow, had bought and delivered alcohol to the site of a fraternity party. At the party a minor got drunk, drove, and had an accident in which a passenger was killed. The Oregon Supreme Court refused to impose liability against Kienow for the death of the passenger. The court said,

> ... we feel that liability should not be extended to one who acts only as a conduit in providing alcohol to those who directly serve it to others.

### Conclusion

We agree with the conclusions of the Alabama, Florida, and Oregon courts.

Scott had not been drinking when he bought the beer at Crosstown Market. Crosstown's employees had no obligation to anticipate that Scott might give beer to Sanders, and that Sanders might get drunk, and might drive under the influence of alcohol.

That Sanders was a minor does not serve to make Crosstown liable for Sanders's intentional misconduct. Sanders became drunk at Scott's party. Sanders violated 47 O.S.1986 Supp. § 11–902.A.2 when she drove under the influence of alcohol.[5] Without both intentional acts Sanders would not have been injured.

We hold that the remoteness of Sanders's connection with Crosstown, combined with her own wilful intentional misconduct, placed her outside the limited exception to the common law rule of non-liability for sellers of alcohol that we created in *Brigance*, Id.[6]

CERTIORARI PREVIOUSLY GRANTED, COURT OF APPEALS OPINION VACATED, AND TRIAL COURT JUDGMENT AFFIRMED.

HODGES, C.J., and SIMMS, HARGRAVE and SUMMERS, JJ., concur.

OPALA, J., concurs in judgment.

LAVENDER, V.C.J., and KAUGER, J., concur in result.

ALMA WILSON, J., dissents.

ALMA WILSON, Justice, dissenting:

Oklahoma is a notice pleading jurisdiction. The plaintiff/appellant (Sanders) is required to set forth a short and plain statement of her claim so as to give defendants/appellees fair notice of the claim and the grounds upon which it rests. 12 O.S. 1991, § 2008 and *Niemeyer v. U.S. Fidelity and Guaranty Co.*, 789 P.2d 1318, 1320 (Okla.1990). "In assessing the sufficiency

---

**5.** 47 O.S.1986 Supp. § 11–902.A.2 provides:
A. It is unlawful and punishable as provided in subsection C of this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:

. . . . .

2. Is under the influence of alcohol;

**6.** Today's decision determines only that, under its facts, Sanders was *outside* the limited exception to the common law rule we created in *Brigance*. We do not address what facts might be necessary to place a plaintiff *within* the ambit of the rule.

of the petition, the general rule is that a petition should not be dismissed for failure to state a cause of action **unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim....**" [Emphasis added.] *Niemeyer,* 789 P.2d at 1321.

Sanders sued the defendants/appellees, retailers of 3.2% beer, for injury allegedly caused by the wrongful selling of beer to a minor. The trial court dismissed the petition for failure to state a claim. The Court of Appeals reversed and remanded, to allow Sanders an opportunity to prove the alleged tortious conduct of the retailers and the cause of her injuries. Notwithstanding the early pre-trial procedural posture of this cause, the majority holds that the causal connection between Sanders' injury and the unlawful sale of beer by the retailers is too remote and affirms the trial court dismissal.

The selling of nonintoxicating beverages to any person under twenty-one (21) years of age is unlawful and a violation of 37 O.S.1991, § 241.[1] Sanders alleged that the retailers violated § 241; that the retailers' violation of § 241 caused her injury; and, that § 241 was enacted to prevent her injury. These allegations are sufficient to state a negligence claim against the retailers. *Hampton v. Hammons,* 743 P.2d 1053 (Okla.1987) and *Boyles v. Oklahoma Natural Gas Co.,* 619 P.2d 613 (Okla.1980). I agree with the Court of Appeals. The trial court erred in dismissing Sanders' petition for failure to state a claim for relief for injury allegedly caused by violations of the 3.2% beer laws.[2]

Appellate review of the factual chain of causation of injury is premature. The appellate record provides no evidentiary basis for this Court's conclusion that the retailer's unlawful sale of beer is too remote in the chain of causation of Sanders' injury. The trial court's dismissal of Sanders' claim should be reversed and this case should be remanded for further proceedings. Accordingly, I respectfully dissent.

---

1. 37 O.S.Supp.1985, § 241 is applicable in this case. Although § 241 has been amended, the applicable provisions remain the same in the 1991 codification.

2. The majority opinion finds support in the statutory definition of 3.2% beer as a non-intoxicating beverage. Section 241 imposes the legal duty to refrain from selling to a minor upon the retailer of 3.2% beer, notwithstanding the "pro-

hibition era" technical distinction between intoxicating and non-intoxicating beverages. For a more complete discussion of the duties imposed and protections afforded by our statutory liquor laws see, *Ohio Casualty Insurance Co. v. Todd,* 813 P.2d 508, (Okla.1991), concurring in part, dissenting in part opinion by Lavender, J., at 521–524, and dissenting opinion by Alma Wilson, J., at 524–526.