HOUSTON, Justice.
Richard C. Williams and Ellen M. Williams, as parents of Malcolm Mclnnis Williams, deceased, and as co-administrators of the estate of Malcolm Mclnnis Williams, deceased (“the parents”), appeal from a summary judgment entered in favor of Jacqueline F. Reasoner (“the homeowner”) in the parents’ action to recover damages for the wrongful death of their son.
Prior to April 21, 1994,[1] was a homeowner liable, under theories of negligence or wantonness, or under the provisions of the Dram Shop Act, for the wrongful death of a minor in a traffic accident that occurred after the minor had left the homeowner’s residence, if the death was proximately caused by the intoxication of another minor guest, who had consumed beer, which was not furnished by the homeowner, at the homeowner’s residence? No.
In Alabama, one cannot recover for negligence in the dispensing of alcohol. Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990); Martin v. Watts, 513 So.2d 958, 963 (Ala.1987); Jackson v. Azalea City Racing Club, Inc., 553 So.2d 112 (Ala.1989); Bee-son v. Scoles Cadillac Corp., 506 So.2d 999 (Ala.1987); Hatter v. Nations, 480 So.2d 1209 (Ala.1985); DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979); King v. Henkie, 80 Ala. 505 (1886).
The allegation against the homeowner is not that she negligently or wantonly dispensed alcohol to a minor, but that she permitted the minor, while he was the homeowner’s guest, to consume alcoholic beverages he had purchased. Alabama law provides no remedy for the unlawful dispensing of alcohol other than that provided by the Civil Damages Act (Ala.Code 1975, § 6-5-70) and the Dram Shop Act (Ala. Code 1975, § 6-5-71), so there certainly should be no remedy provided under the *543 allegations against this homeowner other than such as might be available under the Civil Damages Act and the Dram Shop Act.
The parents consented to a summary judgment under the count alleging liability under the Civil Damages Act.
Martin v. Watts, supra, is dispositive of the claim alleging liability under the Dram Shop Act. In Martin v. Watts, the defendant, Richard Watts, occupied the same position as does the homeowner in this case. Watts allowed his lake house to be used by high school students, under 18 years of age, for a party, with knowledge that they would drink alcohol at the party. Watts was present during the party, but he did not provide the minors with alcoholic beverages. A minor who became intoxicated at Watts’s lake house, had an automobile accident after leaving the lake house, and injured the plaintiffs, who sued Watts and others, alleging liability under the Dram Shop Act and alleging common law negligence. The trial court granted Watts’s motion for a summary judgment; this Court unanimously affirmed that summary judgment. See, also, Liao v. Harry’s Bar, 574 So.2d 775 (Ala.1990), and Baker v. Pi Kappa Phi Fraternity, 628 So.2d 423 (Ala.1993).
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
ALMON, J., concurs in the result.

. Since April 21, 1994, it has been a misdemean- or for an adult homeowner to allow an "open house party” at her residence where alcohol is consumed by persons under the age of 21 years. Ala.Code 1975, § 13A-11-10.1. The occurrence that is the basis for this appeal occurred before the effective date of that statute. We do not address what effect, if any, § 13A-11-10.1 would have on our decision if that Code section had been in effect at the time of the occurrence made the basis of this appeal.