MONROE, Judge.
The plaintiff appeals from summary judgments entered for the defendants on the plaintiffs claims brought under the Dram Shop Act.
The undisputed facts are as follows: On December 10, 1993, Neonatal Associates, P.A., held its annual cocktail buffet at the home of Dr. John Woodall, one of its shareholders. Most of those invited to the party were business clients and associates of Neonatal Associates. The guests were not charged admission to the party and were not asked or required to purchase any alcoholic beverages at the party. The hosts provided alcoholic beverages, which had been purchased by Dr. Woodall’s spouse at the American Armed Forces Exchange Class Six facility at Maxwell Air Force Base. The quantity of alcohol possessed exceeded the amount of alcohol purchased at a military store that is authorized to be possessed under § 28-1-3.1, Ala.Code 1975. Shashy’s Fine Foods catered the party, and is alleged to have also provided bartenders. For purposes of this appeal only, Shashy’s does not dispute the plaintiffs allegation that it provided bartenders. However, it is undisputed that Shashy’s did not possess a liquor license.
One of the guests was Albert Scott Dowe, who was provided alcoholic beverages at the party. Soon after Dowe left the party in his automobile, his vehicle collided with the rear of the plaintiffs automobile, which was stopped at a traffic light. Dowe failed a field sobriety test, and another test revealed his blood alcohol level to be .167%. He was later convicted of driving under the influence.
The plaintiff sued Neonatal Associates, Dr. Rodney D. Dorand, and Dr. John B. Woodall, individually and as shareholders of Neonatal Associates, and Shashy’s Fine Foods, alleging liability under the Dram Shop Act. The trial court entered summary judgments for all defendants.
To enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material *880 facts; substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Section 6-5-71, Ala.Code 1975, commonly known as the “Dram Shop Act,” provides, in pertinent part, as follows:
“(a) Every wife, child, parent, or other person who shall be injured in person, property, or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
[[Image here]]
“(c) The party injured, or his legal representative, may commence a joint or separate action against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof.”
Initially, we note that our Supreme Court has repeatedly refused to hold a social host liable under the Dram Shop Act. See, e.g., Williams v. Reasoner, 668 So.2d 541 (Ala.1995); Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585 (Ala.1987); Beeson v. Scoles Cadillac Corp., 506 So.2d 999 (Ala.1987); and DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979). In fact, it appears that the Supreme Court has held a social host liable under the Dram Shop Act only when alcoholic beverages were provided to minors in contravention of law. Martin v. Watts, 513 So.2d 958 (Ala.1987).
The plaintiff argues that these defendants are liable under the Dram Shop Act because they sold, gave, or otherwise disposed of alcoholic beverages to Dowe, contrary to the provisions of law. The Alabama Supreme Court has held that:
“Section 6-5-71 creates a civil remedy against persons who, contrary to law, cause the intoxication of another by providing the other person with alcoholic beverages, when the plaintiff is injured because of the intoxication. The term which most narrowly limits this cause of action is the requirement that the providing of the alcoholic beverages be contrary to law.”
Martin v. Watts, 513 So.2d 958, 963 (Ala.1987) (emphasis in original).
The plaintiff first argues that the defendants provided alcoholic beverages contrary to law because they violated § 28-1-3.1, Ala.Code 1975, by possessing more than the allowed amount of alcoholic beverages purchased at a military store. The plaintiff argues that because the alcohol was illegally possessed, its distribution must also be illegal. We disagree. Providing the alcoholic beverages to Dowe does not violate § 28-1-3.1, even if the possession of the beverages does. See Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585 (Ala. 1987) (holding that, for purposes of creating liability under the Dram Shop Act, the Chamber of Commerce did not provide alcoholic beverages to the particular individual contrary to law, even though its selling of liquor without a license was illegal).
The plaintiff also argues that the defendants are liable under § 28-1-3.1 because the providing of alcoholic beverages constituted a “sale” under § 28-3-1(25), which defines “sale” as the providing of alcoholic beverages for a consideration. It is undisputed that the guests were admitted to the party and were provided alcoholic beverages free of charge. It is clear that the defendants did not sell alcoholic beverages at the party. This is true even if the guests attended the party in return for receiving food and beverages and even if the value and profits of the defendants’ businesses were enhanced by the party.
Another basis for the plaintiff's claim under the Dram Shop Act is that the defendants violated § 28-3A-25(a)(17), Ala.Code 1975, which makes it unlawful “[f]or any person to sell, give away, or otherwise dispose of taxable alcoholic beverages within this state on which the required taxes have not been paid as required by law.” However, the *881 defendants did not violate this statute, because the alcoholic beverages, having been purchased from a military store, were not required to be taxed by the state. As noted previously, the defendants violated § 28-1-3.1 because they possessed more than the allowed amount of alcoholic beverages purchased at military stores. However, the alcoholic beverages they possessed were not required to be taxed, so they did not violate § 28-3A-25(a)(17) as well.
In addition, we agree with the reasoning of the trial court that the purpose of §§ 28-1-3.1 and 28-3A-25(a)(17) is to raise revenue, and not to protect the general welfare. This distinguishes these two statutes from those statutes that, when violated, have supported a claim under the Dram Shop Act. An example of statutory provisions supporting a claim under the Dram Shop Act would be § 28-3A-25(a)(3) and (19), Ala.Code 1975, see Martin v. Watts, supra; these code sections prohibit providing alcoholic beverages to minors and thereby promote the public welfare. Furthermore we note that, even assuming that defendants provided alcoholic beverages in violation of taxation laws, it was not the absence of taxation that caused Dowe to become intoxicated.
The plaintiff also argues that the defendants are liable for providing alcoholic beverages to an intoxicated person, in violation of an Alabama Alcoholic Beverage Control Board regulation. That regulation provides that “[n]o on-premise licensee may serve a person any alcoholic beverage if such person is acting in such a manner as to appear to be intoxicated.” A.B.C. Reg. 20-X-6.02(4). It is undisputed that none of the defendants was an on-premise licensee. Therefore, the regulation does not apply to these defendants. See Lackey v. Health America Alabama, 514 So.2d 883 (Ala.1987) (holding that A.B.C. Reg. 20-X-6.02(4) did not apply to a business that was not licensed, and thus that the business was not liable under the Dram Shop Act for serving an intoxicated person).
The plaintiff further requests that this court recognize a common law cause of action for negligence in providing alcoholic beverages. We follow the Alabama Supreme Court in rejecting this cause of action. Williams, supra; Beeson, supra,-, and De-Loach, supra.
Finally, the plaintiff contends that the trial court should not have entered the summary judgments while certain of his discovery requests were pending. While it may be error for a trial court to enter a summary judgment before the party moving for summary judgment has responded to discovery requests, it is not error if no crucial evidence would be supplied by the discovery. Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769 (Ala.1994). The plaintiff contends that the discovery at issue would show that the serving of alcoholic beverages increased the defendants’ profits and enhanced the value of the defendants’ businesses. Even if the plaintiff proves that hosting the party and providing alcoholic beverages increased the defendants’ profits or enhanced the defendants’ businesses in some way, we would still hold that the defendants did not “sell” the alcoholic beverages and that the defendants would not be liable under any statutes based on the selling of alcoholic beverages. Therefore, the trial court properly entered the summary judgments.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.