WOODALL, Justice.
John Runyans, Sr. (“Runyans”), brought this action under the Dram Shop Act, § 6-5-71, Ala.Code 1975, seeking to recover from Allan Littrell and Penny Littrell (“the homeowners”) damages resulting from injuries to Runyans’s minor son, John Runyans, Jr. (“Jay”). Runyans appeals from a summary judgment for the homeowners. We affirm.
I.
The relevant facts are undisputed. On May 26, 2000, the homeowners allowed their daughter to have a high school graduation party at their residence. Seventeen-year-old Jay was one of approximately 150 to 200 students at the party. Some of the students, including Jay, brought alcoholic beverages to the party. The homeowners did not provide the minors with alcoholic beverages.
Many of the students, including Jay, openly consumed alcoholic beverages at the party. The homeowners were present during the party and saw persons they knew to be minors consuming alcoholic beverages.
During the party, Jay fell from a porch of the Littrells’ house; he was holding a glass bottle in his hand when he fell. The bottle shattered, resulting in serious lacerations to his left wrist, which required three surgeries to repair.
II.
Runyans argues that he presented substantial evidence showing that the homeowners violated the Dram Shop Act. Specifically, “[h]e contends that because the [homeowners] were hosting an open house party on their premises, and because the [homeowners] were aware that those attending said party[, many of whom were minors,] were consuming alcoholic beverages, ... they violated the Dram Shop *245 Act, § 6-5-71, Ala.Code 1975, by way of violating the Open House Party statute, § 13A-11-10.1, Ala.Code 1975.” Brief of Appellant, at 8.
The Dram Shop Act provides, in pertinent part:
“(a) Every wife, child, parent, or other person who shall be injured in person, property, or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.”
§ 6-5-71(a), Ala.Code 1975 (emphasis added).
“Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). The plain meaning of the Dram Shop Act compels the conclusion that “[o]ne of the elements of the cause of action under the Dram Shop Act is that the defendant provide alcoholic beverages to the intoxicated person....” Martin v. Watts, 513 So.2d 958, 963 (Ala.1987) (emphasis added). It is undisputed that the homeowners did not provide alcoholic beverages to Jay. Under similar circumstances, this Court has affirmed summary judgments for property owners who permitted the consumption of alcohol by minors on their property, but who did not provide the minors with the alcoholic beverages.
In Williams v. Reasoner, 668 So.2d 541 (Ala.1995), this Court held that a homeowner was not liable under the Dram Shop Act “for the wrongful death of a minor in a traffic accident that occurred after the minor had left the homeowner’s residence, if the death was proximately caused by the intoxication of another minor guest, who had consumed beer, which was not furnished by the homeowner, at the homeowner’s residence.” 668 So.2d at 542. There, it was alleged that the homeowner “permitted the minor, while he was the homeowner’s guest, to consume alcoholic beverages he had purchased.” Id. In disposing of the claim under the Dram Shop Act, this Court stated:
“Martin v. Watts, [513 So.2d 958 (Ala.1987) ], is dispositive of the claim alleging liability under the Dram Shop Act. In Martin v. Watts, the defendant, Richard Watts, occupied the same position as does the homeowner in this case. Watts allowed his lake house to be used by high school students, under 18 years of age, for a party, with knowledge- that they would drink alcohol at the party. Watts was present during the party, but he did not provide the minors with alcoholic beverages. A minor who became intoxicated at Watts’s lake house, had an automobile accident after leaving the lake house, and injured the plaintiffs, who sued Watts and others, alleging liability under the Dram Shop Act and alleging common law negligence. The trial court granted Watts’s motion for a summary judgment; this Court unanimously affirmed that summary judgment. See, also, Liao v. Harry’s Bar, 574 So.2d 775 (Ala.1990), and Baker v. Pi Kappa Phi Fraternity, 628 So.2d 423 (Ala.1993).”
668 So.2d at 543 (emphasis added).
The facts of this case are indistinguishable from the facts in Williams and Martin. Also, the Dram Shop Act has not been amended since those decisions. However, Runyans contends that the homeowners “violated the Dram Shop Act *246 ... by way of violating the Open House Party statute.” Brief of Appellant, at 8. In Williams, this Court stated:
“Since April 21, 1994, it has been a misdemeanor for an adult homeowner to allow an ‘open house party’ at her residence where alcohol is consumed by persons under the age of 21 years. Ala. Code 1975, § 13A-11-10.1. The occurrence that is the basis for this appeal occurred before the effective date of that statute. We do not address what effect, if any, § 13A-11-10.1 would have on our decision if that Code section had been in effect at the time of the occurrence made the basis of this appeal.”
Williams, 668 So.2d at 542 n. 1. Today, we must address that issue. We hold that § 13A-11-10.1 does not impose Dram Shop Act liability upon homeowners who did not provide the minor with the alcoholic beverages the minor consumed, with their knowledge, on their premises.
Section 13A-11-10.1 provides, in pertinent part:
“(b) No adult having control of any residence, who has authorized an open house party at the residence and is in attendance at the party, shall allow the open house party to continue if all of the following occur:
“(1) Alcoholic beverages or controlled substances are illegally possessed or illegally consumed at the residence by a person under the age of 21.
“(2) The adult knows that an alcoholic beverage or controlled substance is in the illegal possession of or is being illegally consumed by a person under the age of 21 at the residence.
“(3) The adult fails to take reasonable action to prevent illegal possession or illegal consumption of the alcoholic beverage or controlled substance.”
Obviously, there can be a violation of § 13A-ll-10.1(b) without any finding that the adult having control of the residence provided alcoholic beverages to any minor. Since such a finding is a sine qua non of a claim under the Dram Shop Act, Run-yans’s contention is meritless, and the trial court properly entered the summary judgment for the homeowners.
The judgment of the trial court is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., concur.