Hamilton appeals from an order granting South Central Bell's motion to dismiss for failure to state a claim for relief. 12 (b)(6) ARCP. We reverse.
The original complaint sought damages from South Central Bell and a single fictitious party who had placed harassing phone calls to Hamilton's residence. The basis for the claim against South Central Bell was that the telephone company fraudulently represented to Hamilton that if she would allow the company to place surveillance equipment on her telephone line, the company would work with her to ascertain the identity of the caller and would reveal to her all information discovered. She claimed damages for mental anguish resulting from South Central Bell's failure to reveal the discovered information. The phone company's Rule 12 (b)(6) motion to dismiss was granted.
Within the ten days allowed by Rule 78, ARCP, Hamilton amended her complaint to add two new counts, viz:
"COUNT B"
 "1. That prior to the first day of December, 1977, plaintiff has been a subscriber of telephone services, for value, furnished to her at her place of residence in Jefferson County, Alabama, by defendant South Central Bell Telephone Company. *Page 17 
 "2. That on or about the 15th day of May, 1978, for and in consideration of the continuation of subscription service and the payment of the charges therefor, the defendant contracted orally with plaintiff to place surveillance equipment on plaintiff's telephone in order to ascertain the identity of an individual who was placing harassing telephone calls to plaintiff's residence; the defendant South Central Bell Telephone Company, in consideration heretofore cited, agreeing to disclose to plaintiff the information received from the surveillance equipment.
 "3. That the defendant South Central Bell Telephone Company breached its agreement with plaintiff to disclose the information received from said surveillance equipment and, as a proximate consequence of said breach of said agreement, the plaintiff has been prevented from taking civil action to prevent the continuation of said harassing telephone calls.
 "4. That as a proximate consequence of said breach of contract plaintiff has been caused to suffer mental anguish.
 "WHEREFORE, plaintiff demands judgment against defendant South Central Bell Telephone Company in the sum of Ten Thousand Dollars ($10,000.00), and costs.
"COUNT C
 "1. That since the time prior to the 1st day of December, 1977, plaintiff has been a subscriber of telephone services, for value, furnished to her at her place of residence in Jefferson County, Alabama, by the defendant South Central Bell Telephone Company.
 "2. That beginning, on or about the 1st day of December, 1977, the Defendant A invaded plaintiff's privacy by placing a number of harassing and intimidating telephone calls to plaintiff's place of residence.
 "3. That on or about the 15th day of May, 1978, the plaintiff requested assistance of the defendant South Central Bell Telephone Company in ascertaining the identity of the individual placing the telephone calls alleged in paragraph 2 of this Complaint and, on said occasion the defendant South Central Bell Telephone Company, in consideration of the continuation of service to plaintiff's residence, agreed with plaintiff that, if plaintiff would agree to the placement of surveillance equipment on her telephone line, the defendant South Central Bell Telephone Company would work with plaintiff in ascertaining the identity of defendant A, or would work with plaintiff in ascertaining the number from which defendant A was placing the harassing telephone calls, and would furnish plaintiff with the information received as a result of the surveillance.
 "4. That the plaintiff agreed to have the surveillance equipment placed on her telephone and furnished the defendant South Central Bell Telephone Company with certain information concerning calls received by her.
 "5. Plaintiff alleges that the defendant South Central Bell Telephone Company, at the time it made representations to her, knew that it would not furnish plaintiff with the information received as a result of the surveillance and, thereby invaded plaintiff's privacy by fraudulently acquiring her consent for the placement of surveillance equipment on her telephone.
 "6. That as a proximate consequence of the actions of the defendant as aforesaid the plaintiff was caused to suffer mental anguish.
 "WHEREFORE, plaintiff demands judgment against the defendant in the sum of Ten Thousand Dollars ($10,000.00), and costs."
Again, South Central Bell filed a 12 (b)(6) motion which was granted. Hamilton appeals only from the order granting the second motion to dismiss.
The sole issue on appeal is whether it is beyond doubt that Hamilton could prove no facts in support of Count B or Count C that would entitle her to relief. *Page 18 
This is the accepted standard for granting a motion to dismiss under Rule 12 (b)(6). Trabits v. First National Bank of Mobile,295 Ala. 85, 323 So.2d 353 (1975).
We conclude that both Count B and Count C state valid claims for relief and that the motion to dismiss should not have been granted.
South Central Bell argues that Count B is bad because no agreement was made to reveal the name of the caller, no one at South Central Bell was authorized to make such a contract, and no consideration was given. These matters are defensive matters requiring proof and are not grounds which will mandate dismissal before a plaintiff has a chance to counter them.
The company contends that Count C is bad because Hamilton requested the investigation and consented to the placement of the surveillance equipment on her line. Hamilton does state in her complaint that she consented to the investigation. However, she alleges that this was a qualified consent induced by false representations on the part of the phone company that they would reveal to her the information gathered through the surveillance. This is an issue upon which Hamilton should be permitted to offer facts to prove, at least at the summary judgment stage. It may be determined that there are no genuine questions of material fact and that South Central Bell is entitled to judgment as a matter of law. Summary judgment would then be appropriate. As it now stands, however, dismissal is premature because it is not beyond doubt that Hamilton could prove no set of facts entitling her to relief.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.