389 So.2d 120 (1980)
Margie MAPLES
v.
The CHINESE PALACE, INC., et al.
78-662.
Supreme Court of Alabama.
August 29, 1980.
*121 Theodore L. Hall, Mobile, for appellant.
Donald M. Briskman, Mobile, for the Chinese Palace, Inc.
Patricia K. Olney and Victor T. Hudson, of Pillans, Reams, Tappan, Wood, Roberts & Vollmer, Mobile, for the Met, Inc.

On Rehearing
PER CURIAM.
The original opinion is withdrawn and this opinion is substituted for it.
This is an appeal from the dismissal, with prejudice under Rule 12(b)(6), ARCP, of a complaint of ten counts, filed by Margie Maples, the mother of Martha Brannon, a deceased minor, against the Chinese Palace, Blood Brothers, Inc., and Metropolitan Restaurant and Club, Inc., for damages arising from the allegedly unlawful sale of intoxicating liquors by the defendants to Martha Brannon.
In Counts One through Four the plaintiff sues as next friend of Martha Brannon, a deceased minor.
Count One is based on the death of Martha Brannon as a proximate result of the unlawful sale of intoxicating liquors to the minor.
Count Two is for the death of Martha Brannon as a proximate result of the unlawful sale of intoxicating liquors to her when she was intoxicated.
Count Three is for severe physical and mental anguish suffered by Martha Brannon as a proximate result of the unlawful sale of intoxicating liquors to the minor.
Count Four is for severe physical pain and mental anguish suffered by Martha Brannon as a proximate result of the unlawful sale of intoxicating liquors to her when she was intoxicated.
In Counts Five through Ten the mother of the deceased minor sues individually. She sues, in Count Five, for the death of her minor daughter as a proximate result of the unlawful sale of intoxicating liquors to the minor.
She sues in Count Six for the death of her minor daughter as a proximate result of the unlawful sale of intoxicating liquors to Martha Brannon when she was intoxicated.
Margie Maples in Count Seven sues for the severe physical pain and mental anguish suffered by her minor daughter as a proximate result of the unlawful sale of intoxicating liquors to her.
She sues in Count Eight for severe physical pain and mental anguish suffered by Martha Brannon as a proximate result of the unlawful sale of intoxicating liquors to her when she was intoxicated.
*122 Count Nine is as follows:

COUNT NINE
1. The Plaintiff is the mother of MARTHA BRANNON, deceased, who was a minor at the time of her death on or about the 28th day of January, 1978.
2. Plaintiff realleges and readopts Paragraphs 2-5 of Count One as though fully set out herein. (These paragraphs name the defendants.)
3. On or about the 28th day of January, 1978, Defendants unlawfully sold or otherwise furnished alcoholic beverages or other intoxicating liquors or beverages to the deceased, Martha Brannon, a minor, who was then and there a customer or business invitee of the Defendants at their places of business in Mobile County, Alabama. The Defendants knew or should have known or could have ascertained through the exercise of proper and reasonable care that Martha Brannon, deceased, was in fact a minor.
4. As a direct and proximate result of the Defendants' said negligent and unlawful acts, Martha Brannon, a minor was struck by an automobile on University Boulevard, causing her to suffer serious physical injuries which resulted in her death.
. . . . .
7. As a direct and proximate result of these injuries the Plaintiff, Margie Maples, was caused to incur the following damages: Plaintiff was caused to incur numerous medical expenses; Plaintiff was caused to lose the services of her minor daughter; Plaintiff was caused to incur funeral expenses for the burial of her minor daughter.
WHEREFORE, Plaintiff demands Judgment against the Defendants in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) plus Costs.
Count Ten is as follows:

COUNT TEN
1. The Plaintiff is the mother of MARTHA BRANNON, deceased, who was a minor at the time of her death on or about the 28th day of January, 1978.
2. Plaintiffs reallege and readopt Paragraphs 2-5 of Count One as though fully set out herein.
3. On or about the 28th day of January, 1978, Defendants sold or otherwise furnished alcoholic beverages or other intoxicating liquors or beverages to the deceased, Martha Brannon, a minor, who was then a customer or business invitee of the Defendants at their places of business in the County of Mobile, Alabama.
4. The Defendants sold or otherwise furnished alcoholic beverages or other intoxicating liquors to the deceased, Martha Brannon, a minor, in violation of state law, for that said alcoholic beverages or other intoxicating liquors were sold or furnished to the deceased, Martha Brannon, a minor, when the said Martha Brannon was intoxicated. The Defendants knew or should have known or could have ascertained with the exercise of proper, reasonable discretion that Martha Brannon, deceased, was in fact intoxicated at the time said beverages were sold to her.
5. As a direct and proximate result of the Defendants' negligent, unlawful sale of alcoholic beverages or other intoxicating liquors or beverages to the deceased, Martha Brannon, a minor, was struck by an automobile causing her to suffer serious physical injuries which resulted in her death.
6. As a direct and proximate result of said injuries and death, the Plaintiff, Margie Maples, was caused to suffer the following damages: Plaintiff was caused to incur numerous medical expenses; Plaintiff was caused to lose the services of her minor daughter; Plaintiff was caused to incur funeral expenses for the burial of her minor daughter.
WHEREFORE, Plaintiff demands Judgment against the Defendants in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) plus Costs.
The defendants filed motions to dismiss the complaint and each count thereof on the ground that it failed to state a claim upon which relief could be granted. The trial court granted the motions.
We hold that Counts One through Eight were properly dismissed; and Counts Nine and Ten should not have been dismissed.
*123 This Court follows the rule "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hamilton v. South Central Bell Telephone Company, 369 So.2d 16 (Ala.1979); Dunson v. Friedlander, 369 So.2d 792 (Ala. 1979).
The appellant's contention is that her complaint stated a claim under § 6-5-391, Code 1975, known as the Minor's Homicide Act; § 6-5-70, Code 1975, known as the Civil Damage Act; and § 6-5-71, Code 1975, known as the Dram Shop Act.
Section 6-5-70, Code 1975, known as the Civil Damage Act is as follows:
Furnishing liquor to minors. Either parent of a minor, guardian or a person standing in loco parentis to the minor having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of such minority. Only one action may be commenced for each offense under this section.
Section 6-5-71, Code 1975, known as the Dram Shop Act, is as follows:
Right of action of wife, child, parent or other person for injury in consequence of illegal sale or disposition of liquor or beverages.
(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
(b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
(c) The party injured, or his legal representative, may commence a joint or separate action, against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof.
When a person sues as next friend of a minor, the minor is the real party to the suit; his rights are those litigated, and recovery belongs to him. Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 332, 110 So. 566, 569 (1925). See also Johnson v. Pugh, 239 Ala. 12, 193 So. 317 (1940); Citizens Walgreen Drug Agency, Inc. v. Perry's Pride, Inc., 348 So.2d 1038, 1040 (Ala.1977).
Rule 17(c), ARCP, contains among others, the following provision:
If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend.
Martha Brannon is dead. Therefore, Counts One through Four were defective.
Counts Five and Six were properly dismissed because they were based on the wrongful death of minor statute, § 6-5-391, Code 1975. Wrongful death statutes apply only when the decedent could have maintained an action for the wrongful act, omission or negligence if it had not caused death. Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973). Harris v. A. J. Spencer Lumber Co., 185 Ala. 648, 64 So. 557 (1914); Harris v. McNamara, 97 Ala. 181, 12 So. 103 (1892). Martha Brannon could not have maintained an action for common law negligence against the defendants for the distribution of intoxicating liquors. DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979); King v. Henkie, 80 Ala. 505 (1886). Therefore, her mother cannot maintain an action under § 6-5-391.
A minor has no right of action under § 6-5-70, Code 1975. That section gives a right of action only to the parent, guardian or person standing in loco parentis to a minor having neither father nor mother. And, if living, Martha Brannon would *124 have had no right of action under § 6-5-71, Code 1975. That section creates a right of action in favor of a "wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person."
The words, "every wife, child, parent," in § 6-5-71 denote relationship to the person to whom the intoxicating liquors were sold.
We approve the construction which Judge Cooley gave to the words "other persons" in Brooks v. Cook, 44 Mich. 617, 7 N.W. 216 (1880):
But `tis a sensible and well understood rule of construction that when after an enumeration, the statute employs some general term to embrace other cases, the other cases must be understood to be cases of the same general character, sort or kind with those named....
Apply this rule here, and the party intoxicated is excluded. The persons enumerated are persons who stand to him in special relations, and it is therefore to be assumed that "any other person" who may sue must also stand to him in some special relation so as to be injured by his intoxication or by the sale, etc., to him.
See also Evans v. Kennedy, 162 N.W.2d 182 (Iowa 1968).
Counts Seven and Eight were properly dismissed because they were based on severe physical pain and mental anguish suffered by Martha Brannon to whom the intoxicating liquors were sold.
We opine, that, according to the standard for granting a motion to dismiss, as stated in Hamilton v. South Central Bell Telephone Company, and Dunson v. Friedlander Realty, the motion to dismiss Counts Nine and Ten should have been denied.
The gravamen of a complaint under § 6-5-70 is the unlawful sale of spirituous liquors to a minor with knowledge or notice of the minority. It does not appear beyond doubt that the plaintiff can prove no set of facts in support of her claim under § 6-5-70 in Counts Nine and Ten.
If the plaintiff claims damages that are not recoverable, a motion to dismiss is not the proper method to test the recoverability of the damages claimed. The remedy is by motion to strike, objections to the evidence or request for instructions to the jury. Ringer v. First National Bank of Stevenson, 291 Ala. 368, 281 So.2d 261; Miller v. Tidwell, 276 Ala. 110, 159 So.2d 621. Dalrymple v. Alabama Farm Bureau Mutual Insurance Co., 267 Ala. 461, 103 So.2d 711.
We conclude that the trial court erred in dismissing Counts Nine and Ten. We pretermit discussion of any other theory which may have been raised for recovery.
The judgment of the circuit court dismissing Counts One through Eight is affirmed; the judgment dismissing Counts Nine and Ten is reversed, and the case is remanded to the trial court for further proceedings.
Application for Rehearing granted.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C. J., FAULKNER, ALMON and EMBRY, JJ., concur.
BLOODWORTH, J., concurs specially.
MADDOX, J., concurs in part and dissents in part.
JONES, J., concurs in part and dissents in part.
SHORES and BEATTY, JJ., concur with JONES, J.
BLOODWORTH, Justice (concurring specially).
Upon original submission, the parties did not, in brief, direct our attention specifically to counts one through eight of the plaintiff's complaint. Thus, we did not treat these counts in our original opinion, but held that a cause of action was stated in counts nine and ten under Code 1975, §§ 6-5-70, 6-5-71. Therefore, we concluded that the trial court's order granting the defendants' Rule 12(b)(6) motions to dismiss was premature. We pretermitted discussion *125 of all other theories of recovery advanced, namely, the first eight counts of the complaint.
Having reviewed this Court's treatment of a Rule 12(b)(6) motion in a recent case, I have now concluded that where multiple claims are advanced by a plaintiff and the trial court grants a motion to dismiss as to all claims, this Court should address each claim to determine whether the trial court's action was correct as to each claim. Dunson v. Friedlander Realty, 369 So.2d 792 (Ala.1979). I, therefore, concur in the decision to grant rehearing in order to determine which counts, if any, were properly dismissed by the trial court.
After due reflection, I now agree with the opinion on rehearing that counts one through eight of the plaintiff's original complaint did not state a cause of action and were, therefore, properly dismissed. I also agree with the conclusion that the plaintiff stated a good cause of action under Code 1975, § 6-5-70 in counts nine and ten of her amended complaint. I would go further, however, and hold, as the original opinion held, that the plaintiff stated a good cause of action under Code 1975, § 6-5-71 in counts nine and ten of her amended complaint. The majority, in effect, hold that since the plaintiff has stated a cause of action in counts nine and ten under one theory of recovery (§ 6-5-70), it is unnecessary to address whether she has also stated a cause of action in the same counts under another theory of recovery (§ 6-5-71), permitting discussion of the latter theory. In the original opinion, a majority of the Court agreed with my conclusion that the plaintiff stated a cause of action under both § 6-5-70 and § 6-5-71, and I feel that conclusion is still valid.
MADDOX, Justice (concurring, in part; dissenting, in part).
On original deliverance, Mr. Justice Bloodworth, writing for the Court, stated that the plaintiff has stated a cause of action under Section 6-5-70 and Section 6-5-71. Some members of the Court, after considering the application for rehearing, have changed their opinion and now conclude that plaintiff failed to state a cause of action under Section 6-5-71. A majority also addresses the question of whether plaintiff stated a cause of action under the wrongful death statute and concludes that she did not.
I concur in the opinion issued by the Court after consideration of the application for rehearing insofar as it states that the plaintiff stated a right of action under Section 6-5-70; I disagree with the majority's holding that plaintiff did not state a cause of action under Section 6-5-71, and did not state a cause of action under the wrongful death statute.
The legislature has made the sale of intoxicating liquor to a minor a wrongful act. If a minor, a member of the protected class, is injured or is killed, as a proximate result of that wrongful act, a cause of action is stated. In other words, the furnishing of intoxicating liquor to a person considered by the legislature to be incapable, by reason of age, to comprehend its dangerous character, is a wrong for which a remedy exists. See my dissent in Keller v. Kiedinger, 389 So.2d 129 (Ala.1980).
I agree with the majority that proper parties could recover a penalty in a civil action brought under Section 6-5-70, whether there was an injury or death which proximately resulted from the illegal sale. I do not agree, however, that a civil penalty is the only damage which can be recovered in such an action. I think that the words "such damages as the jury may assess" are broad enough to include the assessment of compensatory damages when injury proximately results from the illegal sale, and punitive damages when death proximately results from the illegal sale. In case of death, of course, there can be but one wrongful death action, whether brought under the Wrongful Death Statute or under Section 6-5-70.
In summary, I think the plaintiff could maintain an action under Section 6-5-71, for medical expenses, funeral expenses, and the loss of services of her minor daughter, *126 and that she also has a cause of action for the death of her minor daughter and could recover punitive damages in this action, whether the wrongful death action was brought pursuant to the provisions of the Alabama Wrongful Death Statute or under Section 6-5-70.
JONES, Justice (concurring in part and dissenting in part):
This is an appeal from the dismissal with prejudice, under ARCP 12(b)(6), of a civil action brought by the mother of a minor whose death is allegedly in consequence of the illegal sale or disposition of spirituous liquors violative of §§ 6-5-70 and 6-5-71, Ala. Code 1975. I agree that none of the statements of Plaintiff's amended claim states a cognizable legal action under § 6-5-71. I further agree that those Counts, whose gravamen is the illegal sale of liquor to a minor proscribed by § 6-5-70, state a claim under which Plaintiff may prove a set of facts entitling her to relief; however, I am also of the opinion that Plaintiff may maintain a wrongful death action under § 6-5-391, predicated not upon the violation of either § 6-5-70 or § 6-5-71, but upon the violation of § 28-3-260(2).

I.
Rather than to treat the specific allegations of each statement of the claim, I believe a general discussion of the two applicable statutes will suffice to articulate the rationale for my partial concurrence with, and partial dissent from, the holding of the majority opinion. For reasons that will become apparent, I discuss these two statutes in reverse order. § 6-5-71 states[1]:
"(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.
"(b) Upon the death of any party, the action or right of action will survive to or against his executor or administrator.
"(c) The party injured, or his legal representative, may commence a joint or separate action against the person intoxicated or the person who furnished the liquor, and all such claims shall be by civil action in any court having jurisdiction thereof."
The difficulty of interpretation posed by § 6-5-71(a) is encountered in its very first words"Every wife, child, parent or other person ...." Obviously, wife, child, and parent are words of relationship. Query: Relationship to whom? I think the answer, necessarily, is the wife, child, or parent of the intoxicated person or of the party injured in person by the intoxicated person. The first class of protected persons, then, is the wife, child, or parent of the intoxicant or of the personally injured party for loss in means of support. The phrase, "or other person," constitutes the second class of claimants[2], i. e., anyone who is injured in person or property by the intoxicated party.[3]See Webb v. French, 228 Ala. 43, 152 So. 215 (1934).
Admittedly, § 6-5-71's description of those persons to whom the cause of action accrues ("... who shall be injured in person, property or means of support ....") renders its interpretation even more complex. Query: Do each of these descriptive terms modify each member of the two protected classes? I think not; and this for the reason that the nature of the resultant injuries, as between the two classes, is necessarily *127 different. Members of the first class do not include those injured in person, only their dependent relatives-wife, child, or parent. I would hold, therefore, that the only statutory right of action accruing to the first class-wife, child, or parent of the individual "injured in person"-is for injury in means of support "in consequence of the intoxication of any person."
The second class of potential plaintiffs (embraced within the phrase "or other person") is the person directly injured "by any intoxicated person or in consequence of the intoxication of any person"; and this right of action is for injury "in person [or] property." Included within this second class, of course, is the wife, child, or parent who is injured in person or property by a drunken husband, parent, or child; and in this event the relationship of the claimant to the intoxicated person is purely coincidental.[4]
While we could extend our interpretation to the remaining language of § 6-5-71, to do so would go beyond the scope of the issue here presented and serve no useful purpose. It is clear that the instant Plaintiff/Appellant, though the parent (mother) of the intoxicated minor, does not come within the restrictions on the right of action that accrues to a parent under § 6-5-71. She was neither injured in person or in property, nor did she suffer any loss of support in consequence of the intoxication of her minor daughter.
Thus, she is not a member of either of the statutorily protected classes. For the distinction between the terms, "injury" and "damage," see Age-Herald Pub. Company v. Huddleston, 207 Ala. 40, 92 So. 193 (1921).
I now turn to an analysis of § 6-5-70:
"Either parent of a minor, guardian or a person standing in loco parentis to the minor having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of or was chargeable with notice or knowledge of such minority. Only one action may be commenced for each offense under this section."
No Alabama appellate court has interpreted this Statute; but its meaning, including the phrase, "may recover such damages as the jury may assess," seems abundantly clear. In the context of this case, the Plaintiff/parent has a right of action against the "person who unlawfully [sold or furnished] spirituous liquors to [her minor child] ... provided the person ... had knowledge of or was chargeable with notice or knowledge of such minority." The requisite elements of this statutory right of action are met in Plaintiff's claim as averred in Counts Nine and Ten of her amended complaint.
Next, I address the issue: What damages are allowable under § 6-5-70? While this statute has not been interpreted previously by this Court, the phrase, "such damages as the jury may assess," is not an unfamiliar one to our jurisprudence. These are the exact words employed in our wrongful death statutes  §§ 6-5-391 and 6-5-410-which uniformly have been interpreted to mean punitive damages only. Merrell, as Administratrix, etc. v. Alabama Power Co., 382 So.2d 494 (Ala.1980). In the context of § 6-5-70, the words "such damages as the jury may assess" do not provide recovery for actual damages. L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 So. 392 (1912); Eich v. Town of Gulf Shores, 293 Ala. 95, 300 So.2d 354 (1974).
I recognize, as Appellees point out, that the Plaintiff claims damages not recoverable under § 6-5-70. A motion to dismiss, however, is not the proper method to test the sufficiency of a complaint with respect to improper elements of damages claimed therein. The remedy is by motion to strike, objections to the evidence, or request for instructions to the jury. Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973).
*128 The predecessor of § 6-5-70 had no provision for the recovery of damages; but it was amended in 1923 so that the successful plaintiff might recover punitive damages. The gravamen of a claim under § 6-5-70 is the unlawful sale of spirituous liquors to a minor with knowledge or notice of the minority, not the nature and extent of the injury in consequence of the statutorily proscribed illegal sale or that any injury whatsoever even ensued.
This does not mean, however, that evidence of any resultant injury, its nature and extent-including death-is irrelevant to the issue of damages. Because the statutory measure of damages is exclusively punitive (vindicative or exemplary), all the circumstances surrounding the wrongful act (the unlawful sale to a minor with knowledge or notice of such minority) are factors for the jury's consideration in assessing the damages commensurate with the degree and enormity of the wrong. Among these circumstances may be the age of the minor, the quantity of the sale, the minor's condition, or apparent condition, at the time of sale, the period of time over which the unlawful sale took place, and the resultant injury or damage, if any, including death.[5]
Although this is the first case presented to this Court on the measure of damages permissible under § 6-5-70, the applicable rule need not be cut altogether from whole cloth. Except that death in consequence of the wrongful act is a necessary element of the right of action for wrongful death, the rule here suggested is entirely consistent with the established principles applicable to the law of damages under our wrongful death statutes, both of which employ the identical phrase, "such damages as the jury may assess." While it is not the resultant injury to the minor for which the parent is statutorily granted a right of action, the jury, in assessing punitive damages, may consider all relevant circumstances bearing on the degree of culpability of the wrongdoer. Indeed, if this were not so (i. e., if the only relevant evidence consists of the wrongful sale with knowledge or notice of minority), then every such wrongful act would equate every other such wrongful act; and in such event, undoubtedly, the Legislature would have fixed by statute a uniform civil penalty for each and every violation, rather than saying "such damages as the jury may assess."

II.
Finally, I address the basis for my partial dissent. I agree with the explicit holding of the majority opinion that "wrongful death" cannot be predicated upon the violation of either § 6-5-70 or § 6-5-71. That neither of these statutes provides a legal predicate for a wrongful death claim is demonstrated by their analyses in Part I above. This is true because, within the factual context of this case, the minor, had she lived, could not have maintained an action for her injuries under either statute-a requisite for a wrongful death suit.
I do not agree, however, with the majority's implicit holding that it appears beyond doubt that Plaintiff can prove no set of facts in support of her wrongful death claim which would entitle her to relief. The conclusion that Plaintiff cannot predicate a wrongful death claim on the Civil Damage or the Dram Shop Acts does not answer the ultimate inquiry: Is there any conceivable set of facts which Plaintiff may prove in support of her claim for the wrongful death of her minor child?
Our search for the answer to this dispositive issue must begin by looking to the statute to which § 6-5-70 refers when it *129 conditions the prescribed "right of action against any person who unlawfully sells... spirituous liquors to [a] minor." The statute proscribing as unlawful the sale of alcohol to a minor  § 28-3-260(2)makes it unlawful:
"For any licensee to sell, furnish or give any beverages to any person visibly intoxicated or to any insane person or to any minor or to habitual drunkards or to persons of known intemperate habits."
This legislative expression of the public policy of this State, in my opinion, enures, inter alia, to the benefit of the minor who is injured in consequence of its violation. That the protection of the incapacitated (here, the minor) is one of the primary objects of the criminally proscribed activity is not militated against by the further fact that the minor may also be criminally accountable. See § 28-3-266, prohibiting the purchase of alcohol by a minor.
The majority opinion cites DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979), and King v. Henkie, 80 Ala. 505 (1880), for the proposition that a minor cannot maintain "an action for common law negligence against [the seller] for [the distribution of intoxicating liquors.]" Neither of these cases involves either a minor or a claim predicated upon the violation of § 28-3-260(2). Notwithstanding this factual dissimilarity, I do not challenge the precedent of DeLoach and King to the effect that neither a minor nor an adult can maintain "an action for common law negligence" under the instant circumstances. But it is a different matter altogether to extend this precedent to preclude the minor from the protective ambit of the public policy expressed in § 28-3-260(2). See the dissenting opinion of Mr. Justice Maddox in Keller v. Kiedinger, 389 So.2d 129 (Ala. 1980).
SHORES and BEATTY, JJ., concur.
NOTES
[1] While the full context of § 6-5-71 is set out in aid of its interpretation, only subsection (a) is pertinent to our instant inquiry.
[2] It may be persuasively argued, though not here decided, that "or other person" plays a dual role in that it also enlarges the first class to include other unnamed dependents of the injured person.
[3] The reference to first and second class is not intended to denote priority, but only that the statutory right of action runs to two classes.
[4] An example of a plaintiff who is a member of both of the statutorily protected classes is a wife whose automobile, driven by her husband, is damaged by collision with a drunken driver, and who suffers loss of support because of her husband's resultant personal injuries.
[5] It should be borne in mind that these factors are not defenses against liability once the prima facie elements of the statutory right of action are established, but they may be admitted into evidence by either party on the issue of the gravity of the wrong. For example (not necessarily in the context of the instant case), although the defendant may be legally chargeable with notice of minority, the defendant may prove the person to whom he sold or furnished the intoxicated drink represented himself or herself as an adult and that his or her physical appearance comported with such representation; or the defendant may show that upon discovery of the fact of minority, he declined to sell or furnish additional drinks. Likewise, the converse circumstance would be admissible.