570 So.2d 1232 (1990)
Molly WEEKS, et al.
v.
PRINCETON'S, a Corporation.
89-1078.
Supreme Court of Alabama.
November 16, 1990.
W.H. Rogers, Moulton, for appellants.
William P. Traylor III and Deborah S. Braden of Yearout, Myers & Traylor, Birmingham, for appellee.
ALMON, Justice.
This is an appeal from the dismissal of a complaint filed by Howard Weeks; his wife, Molly; and their minor daughters, Allison and Heather, against Princeton's, a Corporation ("Princeton's"). Princeton's operates a lounge that serves alcoholic beverages. The Weekses filed their complaint after Princeton's allegedly continued to sell alcoholic beverages to Howard after he had become obviously intoxicated, and then ejected him from the lounge. While driving home, Howard had a one-car accident and was injured.
The majority of the counts in the complaint were asserted by Howard individually. They consisted of claims of the tort of outrage, breach of an implied contract,[1] and a cause of action pursuant to Ala.Code 1975, § 6-5-71, the Dram Shop Act ("the Act").[2] Molly, Allison, and Heather also asserted claims alleging that Princeton's was liable under the Act due to its sale of alcoholic beverages to Howard after he had become intoxicated and that as a result of that sale, they had lost the companionship, services, society, and support of Howard. The trial court granted the defendant's motion to dismiss the Weekses' complaint. They appeal.
The trial court dismissed Molly, Heather, and Allison's Dram Shop Act claims, implicitly holding that they were not protected parties under the Act and thus had no cause of action. This Court has this date addressed the question whether an intoxicated person's "wife, child, [or] parent" is a protected party under the Act and is thus entitled to bring an action against a liquor supplier; see James v. Brewton Motel Management, Inc., 570 So.2d 1225 (Ala.1990). In James, this Court joined a number of other jurisdictions that have statutes similar to § 6-5-71 by holding that an intoxicated person's minor children can bring an action under the Act. James, supra, at 1228. The rationale expressed in James applies to this case, and logically must be extended to include *1233 Howard's wife, Molly. Therefore, the Dram Shop Act claims asserted by Molly, Allison, and Heather stated a valid cause of action and were improperly dismissed.
Howard claimed damages for the injuries that he contends resulted from the defendant's violation of the Act. However, as this Court noted in Maples v. Chinese Palace, Inc., 389 So.2d 120, 124 (Ala.1980), the intoxicated person is not a protected party under the Act. Therefore, Howard's Dram Shop Act claim was properly dismissed. Finally, even viewing the allegations in the complaint in the light most favorable to Howard, as this Court must do when reviewing the dismissal of a complaint, Jones v. Lee County Comm'n, 394 So.2d 928 (Ala.1981), we agree that he could not prove any set of facts in support of his outrage and breach of implied contract claims that would entitle him to relief. Therefore, dismissal of those claims was also appropriate.
For the reasons stated above, that portion of the judgment dismissing each of Howard's claims is affirmed. However, that portion dismissing the Dram Shop Act claims asserted by Molly, Allison, and Heather is reversed, and this cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
See my special concurrence in James v. Brewton Motel Management, Inc., 570 So.2d 1225 (Ala.1990).
NOTES
[1] Howard alleged that Princeton's was under an implied contractual duty to not sell him alcoholic beverages when he was intoxicated.
[2] The Act allows the imposition of liability for damages based on the "selling, giving, or otherwise disposing" of alcoholic beverages "contrary to the provisions of law." Regulation No. 20-X-6-.02(4), promulgated by the Alcoholic Beverage Control Board, prohibits the sale of alcoholic beverages to persons who appear to be intoxicated.