The main issues in this case are: (1) whether the minor children of one who is killed because of his own intoxication are protected parties and, thus, have a cause of action under the Alabama Dram Shop Act, Ala. Code 1975, § 6-5-71, and (2) whether the voluntary intoxication of the deceased is a defense to an action brought by the deceased's minor children under the Dram Shop Act.
On October 10, 1987, Richard Gregory James, Sr. (hereinafter "James"), entered the Brewton Motor Inn to purchase and consume alcoholic beverages; James had been drinking prior to arriving at the Brewton Motor Inn. James was with a group of approximately 15 people. Sharon Baggett, the bartender at the Motor Inn, testified that she did not know that James had been drinking earlier and, according to her testimony, she served James one drink. Other testimony by James's wife conflicted with Baggett's testimony, however; James's wife stated that James was served three drinks at the Motor Inn between 12:15 a.m. and 1:30 a.m., and witnesses testified that James turned over a table, stumbled while dancing, and threw a glass at his wife. It was only when he threw the glass, according to the witnesses, that Baggett and another employee of the Motor Inn, Bob Brawner, decided that James was intoxicated and refused to serve James any more alcoholic beverages. The testimony also showed that Brawner asked James to leave, but Baggett testified that she did not know whether James or his wife was going to be driving.
Testimony showed that James had been a customer at the Motor Inn's bar previously and had been intoxicated to the point of being refused further service, and there was evidence also that the Motor Inn had been told by James's relatives that he was an alcoholic. Baggett testified, however, that she had never been told that.
After leaving the Motor Inn, James drove his automobile to a store and then back to the Motor Inn. There, James's wife got out of the car but did not close the passenger side door. Apparently, in attempting to drive out of the parking lot and to close the passenger side door at the same time, James fell out of the car and was run over by his car. He died as a result of his injuries.
The complaint was filed against Brewton Motel Management, Inc., the operator of the Brewton Motor Inn, by Louise James, the mother of Richard Gregory James, Sr., and administratrix of his estate; Carin James, the widow; and the deceased's two minor sons, one of whom sued through Carin James and the other through Louise. The complaint alleged that the Motor Inn had unlawfully sold James alcoholic beverages.[1]
The defendant filed a "motion to dismiss, or, in the alternative, a motion for summary judgment," alleging that the minor plaintiffs were not included in the protected class of persons entitled to bring an action pursuant to Ala. Code 1975, § 6-5-71, the Alabama Dram Shop Act, and that the plaintiffs could not recover under § 6-5-71 because of James's voluntary intoxication. The trial court granted the defendant's motion, after considering the arguments of counsel and the deposition testimony filed with the motion, finding "that because the death of plaintiffs' decedent, Richard Gregory James, was caused by the decedent's own voluntary intoxication, the Plaintiffs do not have a cause of action against the defendant under Alabama Code § 6-5-71 or § 28-3-49 or otherwise." James's two minor sons appealed.[2]
 I
Section 6-5-71(a) provides in pertinent part:
 "Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who *Page 1227 
shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
(Emphasis added.)
The Alabama Alcoholic Beverage Control Board's regulation No.20-X-6-.02(4), promulgated pursuant to § 28-3-49, makes it unlawful for an on-premises licensee to serve any person alcoholic beverages if that person appears to be intoxicated. There was evidence, of course, that the defendant sold liquor to James contrary to that regulation and contrary to statute; therefore, the question presented is one of law: Do the children have a cause of action against the seller of the intoxicating beverage? We hold that they do.
The law of Alabama relating to liability for damages under the provisions of § 6-5-71(a) is not absolutely clear, and we take this opportunity to state what we believe the Legislature intended by enacting the statute that has become § 6-5-71.
Questions concerning which persons the Legislature intended to include within the protected class of persons have been presented to this Court in several cases in the last decade.
This Court, in Maples v. Chinese Palace, Inc., 389 So.2d 120
(Ala. 1980), had one of its first opportunities to address the question, but a majority of the Court in that case could not agree, and the plurality opinion does not clearly delineate the class of persons protected under § 6-5-71.[3] In Ward v. Rhodes,Hammonds, Beck, Inc., 511 So.2d 159 (Ala. 1987), the Court once again had an opportunity to determine the extent of the protected class included in § 6-5-71. In Ward, a customer sued a lounge because of injuries he received in the lounge when he was struck in the eye and injured by another customer. This Court held that Ward was entitled to maintain an action against the lounge under the provisions of § 6-5-71.
The trial judge, in dismissing the plaintiffs' action here, apparently felt that Maples and Ward, cases cited to him by the defendant, supported the dismissal, because he cited both cases in his judgment of dismissal.
The defendant continues to rely upon Maples and Ward to support its argument that "Alabama law does not recognize a cause of action for dependents of the person intoxicated but rather recognizes a cause of action for dependents of those injured as a result of the actions of an intoxicated person." It also cites Parker v. Miller Brewing Co., 560 So.2d 1030
(Ala. 1990), and argues that, in that case, this Court held that a mother, as the administratrix of the estate of her deceased minor, who had died as a result of intoxication, did not fall within the category of protected persons. It contends that Ward stands for the proposition that, to come within the classification of enumerated plaintiffs, a wife, child, or parent must stand in a special relation to the party injured by the intoxicated person and that the minors here stand in a special relation to the intoxicated person, but that the intoxicated person cannot be the same person as the injured person. *Page 1228 
In support of this argument, the defendant points to the language in Ward, which states that "the 1909 legislature must have intended that 'wife, child, [and] parent' refer to those of the party injured in person by the intoxicated person."511 So.2d at 164.
After a careful review of Maples, Ward, and Parker, we are of the opinion that the facts of each can be distinguished from the facts of this case. In Maples, most of the Court observed that the parent was a protected person under § 6-5-71 and had a cause of action thereunder, and a careful reading of Maples
shows that the mother in that case was not allowed to maintain her action only because she did not sustain any of the damages specified in the statute. See the explanation of the vote inMaples in footnote 3.
While the language in Ward is not completely clear, it is apparent that the statement quoted above — that the words "'wife, child, [and] parent' refer to those of the party injured in person by the intoxicated person" — was not meant to give an exclusive list of the members of the protected class. Indeed, the entire paragraph from which the defendant quotes reads as follows:
 "Thus, in 1909, the common law rule of intra-family immunity would have precluded the spouses, parents, and children of the intoxicated person from bringing an action against the intoxicated person. In other words, if the 'wife, child, [and] parent' referred to in § 6-5-71(a) were intended to include only those of the intoxicated person, then subsection (c) would have abrogated the common law by permitting an action by this class of persons, for personal injuries or property damage, against not only the dram shop but also the intoxicated person. While that may have been the intent of the legislature in 1909, such a legislative intent is not made clear by virtue of the failure to indicate to whom these classes of individuals were related. Nevertheless, in view of the prevailing rule of intra-family immunity and the fact that there was no expression of an intent to the contrary, we think the 1909 legislature must have intended that 'wife, child, [and] parent' refer to those of the party injured in person by the intoxicated person."
511 So.2d at 163-64 (emphasis original). Thus, a close reading of Ward shows that the Court was concerned with the interaction of § 6-5-71 and the rule of intra-family immunity in the context of a wife, child, or parent suing an intoxicated person to whom they were related. Of course, in this case, the children of the intoxicated person are not attempting to sue the intoxicated person but are attempting to sue the party that furnished the alcohol to the intoxicated person. The plaintiff in Ward was not related to the intoxicated person, and the issue was whether the plaintiff was a protected member of a class under the Act. Therefore, the discussion of who was included in the class of "parent, child, [and] parent" was not absolutely necessary to a decision in that case and can be accurately designated as dicta.
In Parker, this Court had an opportunity to revisit § 6-5-71. In Parker, the plaintiff was the mother of the intoxicated minor who was killed. This Court, citing Ward, discussed the classes of potential plaintiffs, as follows:
 "In Ward v. Rhodes, Hammonds, Beck, Inc., 511 So.2d 159 (Ala. 1987), we considered the question of who is provided a cause of action by § 6-5-71. We held that one class of potential plaintiffs consists of the wife, child, or parent of a party who has been injured in person by an intoxicated person:
 "'Nevertheless, in view of the prevailing rule of intra-family immunity and the fact that there was no expression of an intent to the contrary, we think the 1909 legislature must have intended that "wife, child, [and] parent" refer to those of the party injured in person by the intoxicated person.' Id. at 164.
 "The second class of potential plaintiffs is the 'other person injured':
 "'However, insofar as the class of potential plaintiffs designated as "other person," we hold that, just as the *Page 1229 
statute says, this category of plaintiffs includes anyone who is proximately "injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person." And . . . this category of plaintiffs is as broad as proof of proximate cause will permit.' Id.
"The plaintiff argues that individually she falls within this 'other person' category as one 'injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person.' She argues that she was injured in consequence of the intoxication of her daughter by reason of the sale made by Grant's University Market to two minors of intoxicating beverages 'contrary to the provisions of law,' i.e., in violation of § 28-3A-25(a)(3) and Alabama Alcoholic Beverage Control Board Rule 20-X-6-.10.
"However, assuming she could be found to fit into the 'other person' category, she still does not have a claim, because under § 6-5-71(c), a party injured may commence an action 'against the person intoxicated or the person who furnished the liquor.' When we revisit the question of whether any of these defendants 'furnished' or 'provided' the liquor to Miriam Paige Small, we find that they did not.
"We said the following in Martin v. Watts, 513 So.2d 958
(Ala. 1987):
 " 'Section 6-5-71 creates a civil remedy against persons who, contrary to law, cause the intoxication of another by providing the other person with alcoholic beverages, when the plaintiff is injured because of the intoxication. . . . One of the elements of the cause of action under the Dram Shop Act is that the defendant provide alcoholic beverages to the intoxicated person who causes the injury to the plaintiff. . . .'
"Id., at 963. These defendants did not provide the alcoholic beverages to the intoxicated person, nor was there a sale by these defendants to the intoxicated person. Therefore, the plaintiff has no cause of action under the Dram Shop Act. SeeBeeson v. Scoles Cadillac Corp., 506 So.2d 999, 1001 (Ala. 1987)."
560 So.2d at 1033-34.
It is apparent from a reading of Parker that this Court held that the mother did not state a claim under § 6-5-71 only because the defendants did not "furnish" or "provide" the liquor to the deceased intoxicated person. There was no holding that the mother of an intoxicated person would not be a protected person under the provisions of § 6-5-71 if the facts showed that all of the other elements of an action under the Act had been met. Parker is, therefore, distinguishable from this case because a majority of this Court was of the opinion that the evidence showed that the defendants in that case did not "furnish" the liquor to the intoxicated person.[4] In this case, of course, there is substantial evidence that the defendants did furnish the liquor to James.
The holding we make is consistent with the holdings in other States that have considered dram shop acts similar to Alabama's. Those jurisdictions have held that the spouse, children, and parents of the intoxicated person are included in the class of protected persons. Jones v. Fisher, 309 N.W.2d 726
(Minn. 1981) (spouse of one who becomes intoxicated is viewed as an innocent third party); Ross v. Ross, 294 Minn. 115,200 N.W.2d 149 (1972) (parents and child of deceased intoxicated person allowed to recover); Matalavage v. Sadler, 77 A.D.2d 39,432 N.Y.S.2d 103 (1980) (infant child of deceased intoxicated person allowed to sue). The court stated in Matalavage:
 "The object of the early act was to correct the evils resulting from intemperate indulgence in intoxicating liquors, such as impoverishment of families, injuries to others, and the creation of public burdens (Joyce, The Law Relative to Intoxicating Liquor 476 [1910]). The Legislature believed that by imposing civil liability upon the seller he would be more *Page 1230 
careful in his sales and would demonstrate a greater consideration for the purchaser and his dependents. One major purpose of this type of statute was to protect the wife and children of an intoxicated person when they were deprived of their means of support as a result of his intoxication
(id., p. 476)."
77 A.D.2d at 43, 432 N.Y.S.2d at 106 (emphasis original).
Based on the foregoing, and in view of the fact that there was substantial evidence that James was sold alcohol contrary to law and that as a consequence he caused his own death, we hold that under the language of the Act — that "[e]very wife, child, parent or other person who shall be injured in . . . means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action" — James's minor children are within the protected class of persons in the Alabama Dram Shop Act.
 II
We address one further issue presented: Whether the voluntary consumption of alcohol affects or destroys claims of the class of persons protected under § 6-5-71. We hold that it does not. At common law, no cause of action existed in favor of the intoxicated person, because it was generally held that the voluntary drinking, and not the sale, proximately caused the injury; voluntary drinking was considered to be a cause intervening between the negligent dispensing and the subsequent injury. King v. Henkie, 80 Ala. 505 (1886). Alabama's Dram Shop Act specifically provides relief to a protected class if the unlawfully sold alcohol causes the intoxication and results in damage or injury to a protected person. The Act focuses on the unlawful sale and on members of the protected class who may suffer damage or injury as a proximate result of the wrongful act; it necessarily envisions that the intoxicated person voluntarily consumed the alcohol.
Legislative intent is determined from the language of the act, unless the language is ambiguous or leads to a result that the legislature could not have intended. Martin v. Watts,513 So.2d 958, 961 (Ala. 1987). The Alabama Dram Shop Act is clear and it makes no distinction between voluntary and involuntary consumption of alcohol. If the Act was limited to involuntary intoxication, then the Act would have virtually no application. If the Legislature had intended for the Act to apply only in cases of involuntary intoxication, it could have so stated. The conclusion we reach here has been reached in another jurisdiction. The Minnesota Supreme Court has held that the voluntary consumption by the intoxicated person does not destroy a claim by a protected person. Jones v. Fisher,309 N.W.2d 726 (Minn. 1981).
 III
The defendant also argues that the common law rule of tort immunity still prevails in Alabama as between parent and child, and that intra-family immunity precludes children from suing an intoxicated parent who causes them injury. However, that issue is not before us, as the children here are not attempting to sue their father; under the Act, they are stating a claim against the furnisher of the alcohol.
The defendant further contends that these minors are basically attempting to bring a wrongful death action in the guise of an action under § 6-5-71 and that wrongful death actions are not permitted under the Alabama Dram Shop Act. These children are not attempting to sue for the wrongful death of their father; they clearly allege damages for loss of support, as allowed by the Act.
 IV
For the above stated reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
[1] All claims of Carin, the wife of the deceased, were dropped in a later amendment.
[2] James's estate appealed but did not raise any issues on appeal.
[3] In reversing the trial court's dismissal of the mother's claims filed pursuant to the provisions of §§ 6-5-70 and -71, respectively, the Maples Court held that it did not appear beyond doubt that the plaintiff-mother could prove no set of facts in support of her § 6-5-70 claim. Maples,389 So.2d at 124. The holding of Maples concerning the viability of the mother's claims under § 6-5-71 is less clear. In the main opinion, the Court stated that "[t]he words 'every wife, child, parent,' in § 6-5-71 denote relationship to the person to whom the intoxicating liquors were sold." Id. Justice Bloodworth, in a concurring opinion, stated that he agreed with the holding that the plaintiff had stated a cause of action under § 6-5-70, and he stated, "I would go further, however, and hold, as the original opinion held, that the plaintiff stated a good cause of action under Code 1975, § 6-5-71 in counts nine and ten of her amended complaint." Justice Maddox, concurring in part and dissenting in part, was of the opinion that the plaintiff had stated a cause of action under § 6-5-71. 389 So.2d at 125. Justice Jones, with Justices Shores and Beatty concurring, was of the opinion that the plaintiff-mother was within the protected class, but that she came within the restrictions on the right of action under § 6-5-71, because "[s]he was neither injured in person or in property, nor did she suffer any loss of support in consequence of the intoxication of her minor daughter." 389 So.2d at 127.
[4] In Parker, Hornsby, C.J., dissented because he was of the opinion that there was sufficient evidence of causation in that case to present a jury issue. *Page 1231