I agree with the majority in its affirmance of the summary judgment against Sheila McIsaac's claim, but I dissent from the majority's reversal as to John Paul Howard's claim.
I agree with Judge Robert G. Kendall, the trial judge, that the doctrine of complicity is a judicially created exception to liability under the Dram Shop Act and that it should be adopted in Alabama. The doctrine of complicity is also referred to as the "non-innocent party doctrine" in Craig v. Larson, 432 Mich. 346, 439 N.W.2d 899 (1989). We have applied this doctrine, without naming it, by holding that "the intoxicated person is not a protected party under the Act" in regard to his injuries sustained as a result of his intoxication (Weeks v.Princeton's, 570 So.2d 1232, 1233 (Ala. 1990); Maples v. ChinesePalace, Inc., *Page 326 389 So.2d 120 (Ala. 1980)), even though the statute purports to provide a remedy for "[e]very . . . person who shall be injuredin person . . . by any intoxicated person or in consequence of the intoxication of any person" (emphasis added); and we have interpreted the statutory term "other person . . . injured" to include a category of plaintiffs "as broad as proof of proximate cause will permit." Ward v. Rhodes, Hammonds, Beck,Inc., 511 So.2d 159, 164 (Ala. 1987); James v. Brewton MotelManagement, Inc., 570 So.2d 1225 (Ala. 1990); Parker v. MillerBrewing Co., 560 So.2d 1030 (Ala. 1990).
The doctrine of complicity, just like assumption of the risk, may involve a factual determination to be made by the trier of fact; however, in this case, viewing the evidence in the light most favorable to the nonmovant, the plaintiff, Howard, I would hold that Howard's claim is barred as a matter of law by the doctrines of complicity and assumption of the risk.
Howard telephoned Sellers so that the two of them could go out "just to drink." They each had two Wild Turkey "bourbons on the rocks" at a lounge referred to in the record and one of the briefs as "Adams." They then went to the Monte Carlo Club, where they continued to drink. Plaintiff, Howard, had 10 to 12 drinks; Sellers said he could not remember how many drinks he had, but he spent between $80 and $100 while at the Monte Carlo Club. They left the Monte Carlo Club between 3:00 a.m. and 3:30 a.m. and headed for a friend's apartment. They were pulled over by a policeman; however, because the policeman did not get out of his car, they "took off." Howard knew that he was participating in a criminal offense at the time he and Sellers decided to run from the policeman. Howard acted as a "lookout" while Sellers was operating the vehicle at a high rate of speed. Sellers failed to make a turn and ran off the road. After the accident, Howard and Sellers continued to flee from the police by sneaking throughout the neighborhood to find a telephone booth from which to call a friend to come get them. If Sellers cannot recover from the Monte Carlo Club, from which the intoxicating beverages were purchased (and we have held that he cannot, Weeks v. Princeton's supra), then Howard should not be permitted to do so, under the doctrine of complicity of "non-innocent party."
I would affirm the judgment of the trial court in its entirety and I compliment Judge KENDALL on his well-reasoned and well-written order.