Louis Mohacsy appeals from a summary judgment entered in favor of the defendants on all counts of his complaint, which alleged a cause of action under the Dram Shop Act, negligence, and outrage and/or intentional infliction of emotional distress.
On December 28, 1987, Mohacsy was injured when the car he was driving left the road and struck a telephone pole. Mohacsy was intoxicated at the time of the accident. Earlier that night, Mohacsy had attended a company Christmas party, sponsored by Mohacsy's employer, Decatur Hotel Corporation.
Mohacsy sued Decatur Hotel Corporation, which operated the Holiday Inn in Decatur under a franchise agreement with Holiday Inns, Inc.; Holiday Inns, Inc.; and James Larkin, the general manager of the hotel, alleging that he was required to attend the party and that at the party he was served alcoholic beverages illegally. He alleged that he was served illegally because he was given the alcohol, several bottles of beer and several mixed drinks, on a Sunday, and also that he continued to be served after he became visibly intoxicated.
The defendants moved for a summary judgment, arguing that the complaint stated a cause of action under the Dram Shop Act, which they said was not available to Mohacsy. Mohacsy contended that he had stated a claim of negligence and/or outrage or intentional infliction of emotional distress. A summary judgment was entered on the Dram Shop Act claims, and Mohacsy was allowed to amend his complaint to state a cause of action alleging negligence and outrage. The trial court subsequently entered a summary judgment on the negligence and outrage claims, and Mohacsy appealed.
On appeal, Mohacsy raises two issues: (1) whether the recent decision of this Court in McIsaac v. Monte Carlo Club, Inc.,587 So.2d 320 (Ala. 1991), requires a reversal on the Dram Shop claim; and (2) whether Mohacsy is entitled to pursue his cause of action under the Alabama doctrine of the tort of outrage or intentional infliction of emotional distress.
 I.
The first issue raised by Mohacsy is whether the recent decision of McIsaac v. Monte Carlo Club, Inc., 587 So.2d 320
(Ala. 1991), requires a reversal of the summary judgment entered on the "Dram Shop Act" cause of action. We hold that this issue is procedurally barred from review here.
On July 9, 1990, defendants Holiday Inns, Inc., and Decatur Hotel Corporation moved for a summary judgment on the "Dram Shop" cause of action. On July 25, 1990, the court entered the following order on that motion:
 "No statement of genuine issue or other opposition has been filed. Plaintiff has defaulted.
 "Therefore, an interlocutory judgment for defendants, Holiday Inns, Inc. and Decatur Hotel Corporation, is entered. This interlocutory judgment will become final within 28 days of this entry, unless plaintiff can show excusable neglect (or similar justification) plus evidence of a genuine issue."
A similar motion for summary judgment was filed by Larkin, and a similar order was issued in favor of Larkin.
Mohacsy filed a motion to set aside the summary judgment. In that motion he stated that he had filed an amended complaint alleging the tort of outrage and/or intentional infliction of emotional distress. Mohacsy also filed a "statement of genuine issues," in which he stated:
 "While the plaintiff will concede that the 'Dram Shop' claim as outlined in the Motion *Page 958 
for Summary Judgment cannot be pursued per se, Plaintiff believes that Paragraph 11 of [his] complaint adequately sets forth an intentional tort claim against the defendants, Holiday and Larkin, so that Plaintiff's claim for intentional tort and intentional infliction of emotional distress [should] be allowed to continue."
The trial court granted Mohacsy's motion to amend his complaint to state a cause of action for outrage and intentional infliction of emotional distress. The defendants moved to have the summary judgment on the "Dram Shop" claim made final.
On April 5, 1991, the trial court entered the following order:
 "An interlocutory order granting [the] motion for summary judgment was entered by this Court on July 25, 1990. Those defendants have now moved the Court to make said summary judgment final. Plaintiff has filed his response thereto asserting no opposition to the motion."
The court then entered an order making the July 25, 1990, judgment final.
The notice of appeal was filed on February 3, 1992, which was almost 10 months after the summary judgment on the "Dram Shop" claim was made final. Therefore, the appeal is untimely and is due to be dismissed. Because the appeal is dismissed as untimely, we pretermit any discussion of whether our recent decision in McIsaac would apply to the facts in this case.
 II.
The second issue raised by Mohacsy is whether he is entitled to pursue his cause of action under the amended claims of outrage and/or intentional infliction of emotional distress.
The trial court entered a summary judgment on the negligence and outrage/intentional infliction of emotional distress claims, in an order entered on December 31, 1991. The order states, in pertinent part:
 "The Court has previously entered a Summary Judgment on the Plaintiff's alleged cause of action under the 'Dram Shop Statute.'
 "The plaintiff subsequently amended his Complaint (on or about August 27, 1990) to assert common law causes of action for negligence, tort of outrage and intentional infliction of emotional distress.
 "Under Alabama law, a Plaintiff may not assert a common law cause of action for the alleged wrongful dispensing of alcoholic beverages. The only potential cause of action available to a plaintiff for the alleged wrongful dispensing of alcoholic beverages is under the 'Dram Shop Statute.' DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala. 1979).
 "Furthermore, the Plaintiff's alleged cause of action for common law negligence would be barred by the Plaintiff's own contributory negligence as a matter of law, and the alleged wrongful dispensing of alcoholic beverages is not sufficiently egregious conduct to support a cause of action for the tort of outrage under Alabama law. See Tyler v. City of Enterprise, 577 So.2d 876
(Ala. 1991); Weeks v. Princeton's, 570 So.2d 1232
(Ala. 1990)."
Mohacsy, on appeal, challenges only the summary judgment as to the outrage and intentional infliction of emotional distress claims. Indeed, the trial court's order, quoted above, correctly states that a common law action could not be maintained for the dispensing of alcohol. However, those cases cited in the trial court's order specifically referred to common law negligence. See DeLoach v. Mayer Electric SupplyCo., 378 So.2d 733 (Ala. 1979). Therefore, this Court must determine whether the consumer of alcohol can sue the provider of the alcohol, on the theory of the tort of outrage and intentional infliction of emotional distress, for injuries caused by the illegal dispensing of alcohol; and, if so, whether the facts of this case support such a cause of action.
This Court set out the elements of the tort of outrage inAmerican Road Service Co. v. Inmon, 394 So.2d 361 (Ala. 1981). *Page 959 
For Mohacsy to recover under the tort of outrage, he must demonstrate that the defendants' conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it. Id. at 365.
 "To be actionable under the tort of outrage, the conduct involved must be 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and . . . be regarded as atrocious and utterly intolerable in a civilized society.' "
McIsaac v. WZEW-FM Corp., 495 So.2d 649, 651 (Ala. 1986) (quoting from American Road Service Co. v. Inmon,394 So.2d 361, 365 (Ala. 1980) (citing Restatement (Second) of Torts § 46, Comment d., at 73 [1965])).
The defendants' conduct in this case is clearly not so extreme in degree as to go beyond all possible bounds of decency.
Mohacsy presented evidence that he felt compelled to attend the Christmas party given by his employer. He also alleges that he was given unlimited drinks and was encouraged to drink. In his brief to this Court, he states, "In Plaintiff's own mind, he believe[d] that if he did not go to the party and drink 'up to par' as [he] believe[d] his employer wanted him to do, he could possibly [have lost] his job." There is no evidence, other than Mohacsy's belief, that the defendants wanted or desired Mohacsy to drink "up to par," much less that "up to par" meant to the point of legal intoxication.
Mohacsy bases his outrage claim upon the fact that he was encouraged to go to the Christmas party and that at the Christmas party the defendants served alcohol, which Mohacsy freely imbibed. He was intoxicated when he left the party, and his intoxication directly caused the accident. He claims that the defendants "intentionally created a situation where [he] became intoxicated and Defendants intentionally let him leave in that condition to go attempt to kill himself or become seriously injured." The conduct described by Mohacsy does not amount to the sort of egregious conduct the tort of outrage was created to address. The facts do not support an inference that Mohacsy was forced to become intoxicated. The defendants may have created a situation where it was possible, maybe even probable, that Mohacsy or another employee would become intoxicated. However, the ultimate responsibility for his intoxication must rest with Mohacsy.
In the early case of King v. Henkie, 80 Ala. 505 (1876), the Court, in a wrongful death case, held that the plaintiff, whose decedent had died from drinking too much, had no cause of action:
 " 'Had it not been for the drinking of the liquor, after the sale, which was a secondary or intervening cause co-operating to produce the fatal result, and was the act of deceased, not of defendants, the sale itself would have proven entirely harmless. Hence it can not be said that the wrongful act of the defendants, in making sale of the liquor, caused the death of King; rather his own act in drinking it. And this must be true, whatever the condition of his mind, or state of his intellect, and without regard to the question of any contributory negligence on his part.' "
Id. at 510, quoted in DeLoach v. Mayer Electric Supply Co.,378 So.2d 733, 735 (Ala. 1979).
Based upon the above, we are compelled to hold that, under these facts and as a matter of law, Mohacsy cannot maintain an action alleging outrage and intentional infliction of emotional distress. We do not decide that an action based on the tort of outrage can never be maintained by the consumer of alcohol against the provider of that alcohol; we do hold, however, that Mohacsy's voluntary intoxication bars any recovery under the theory of the tort of outrage. The judgment of the trial court relating to that theory is affirmed.
DISMISSED IN PART; AFFIRMED IN PART.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur. *Page 960